THE STATE OF OHIO, APPELLEE, *v.* MCKNIGHT, APPELLANT.

(No. 133—Decided June 29, 1983.)

Mr. *James L. Flannery,* prosecuting attorney, and Mr. *Michael Butts,* for appellee.

Mr. *Leslie S. Landen,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Warren County.

On October 7, 1982, the defendant, Woolery Allen McKnight, was placed on probation after having been found guilty of an attempt to intimidate a witness. One of the conditions of his probation violation was "you shall refrain from the violation of any city ordinance, state or federal penal laws."

On October 14, 1982, defendant was found guilty in Middletown Municipal Court of assaulting his brother and was sentenced to serve sixty days in jail. Upon receipt by the probation officer of word that the defendant had been found guilty of the violation of a municipal ordinance, the defendant was brought before the trial court on a charge of probation violation. After a hearing, the trial court found

that the defendant was in violation and the sentence which was originally suspended was then imposed. It is from that decision that the defendant brings his timely appeal.

He assigns as error the following:

"First Assignment of Error:

"The trial court erred by revoking the defendant-appellant's probation in light of the facts and circumstances surrounding the violation.

"Second Assignment of Error:

"The trial court erred in proceeding to the preliminary hearing stage of the revocation proceedings and allowing the defendant-appellant to waive the preliminary hearing prior to appointing counsel to represent the defendant-appellant."

The defendant, in his first assignment of error, contends that it is an abuse of discretion for the trial court to revoke the probation based upon an assault conviction when the altercation involved two brothers, when the defendant was not the person who initiated physical contact, and when the defendant was found guilty in a case in which he was not represented by counsel.

The transcript of the hearing on the charge of probation violation contains no testimony from the defendant's brother who filed the assault charge in the Middletown Municipal Court. The only indication of what transpired is in an affidavit signed by the defendant's brother, James McKnight, which was introduced for the purpose of mitigation of the penalty. Clearly, however, this affidavit cannot be considered as evidence.

The defendant acknowledged at the hearing on the charge of probation violation that he waived the right to counsel in the municipal court. Having waived the right to counsel, he cannot now be heard to say that he was prejudiced by his lack of representation. However, we do not know what transpired at that hearing as there is no record available. The only information available is that the defendant

was found guilty of assault. Nevertheless, the evidence of the conviction, without any record of the proceedings, was sufficient to establish a violation of the conditions of the defendant's probation, *i.e.*, that he violated a city ordinance.

R.C. 2951.09 provides in pertinent part as follows:

"When a defendant on probation is brought before the judge or magistrate under section 2951.08 of the Revised Code, such judge or magistrate shall immediately inquire into the conduct of the defendant and *may terminate the probation and impose any sentence which might originally have been imposed * * *.*" (Emphasis added.)

Thus, the decision as to whether or not to revoke a defendant's probation is discretionary. Consequently, there is no abuse of discretion on the part of the trial judge in the revocation of the defendant's probation for a violation of the terms of his probation. Therefore, the defendant's first assignment of error is overruled.

In response to the defendant's second assignment of error, there is no transcript of the proceedings in the preliminary hearing on the charge of probation violation, but a *nunc pro tunc* entry which was filed November 18, 1982 clearly establishes that the defendant appeared before the trial court without representation at which time the trial judge appointed an attorney to represent the defendant. The entry also recites that the defendant at that time waived a preliminary hearing and asked that the matter be set for a final hearing.

Defendant contends that on the basis of the decision of the United States Supreme Court in *Gagnon* v. *Scarpelli* (1973), 411 U.S. 778 [71 O.O.2d 279], the trial court erred in failing to provide counsel for the preliminary hearing. However, the Supreme Court said in that case, at 790: "[a]lthough the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings, ·

there will remain certain cases in which fundamental fairness — the touchstone of due process — will require that the State provide at its expense counsel for indigent probationers or parolees." Thus, the Supreme Court makes it clear that the decision as to whether counsel should be appointed in a case in which the defendant is charged with a violation of his probation rests within the sound discretion of the trial judge.

The defendant then contends that pursuant to Crim. R. 32.3(B), the trial court erred in proceeding with the preliminary hearing without counsel being present. A reading of Crim. R. 32.3(A) makes it clear that Crim. R. 32.3(B) refers to the final hearing at which time the court makes a determination of whether or not to revoke the probation. Thus, the first time that the defendant is entitled to representation is at the final hearing.

If Crim. R. 32.3(B) were to be construed to require counsel at the preliminary hearing, it would be necessary to amend the rule to provide for an initial appearance such as that required by Crim. R. 5, but we are unable to find anything in the Rules of Criminal Procedure which requires such an initial appearance. As a result, we conclude that the preliminary hearing before the trial judge on a charge of violation of the terms of the defendant's probation is the hearing at which the defendant is to be advised of the nature of the charge against him. Also, it is at this hearing that the trial court must determine probable cause, schedule the final hearing and ascertain whether or not the defendant has counsel. To hold otherwise would be to read into the Rules of Criminal Procedure something that does not exist. Therefore, the defendant's second assignment of error is overruled.

It is the order of this court that the judgment herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., and JONES, J., concur.

KOEHLER, J., dissents.

KOEHLER, J, dissenting. In my judgment, the right to counsel implies the right to competent counsel at all stages of the proceedings. Accordingly, I dissent from the majority's ruling on the second assignment of error.