[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This matter is before the court on appeal from the Huron County Court of Common Pleas. On January 28, 1997, appellant, Eugene Wilson, was convicted on two counts of trafficking in drugs. Appellant received a one year suspended prison sentence and was placed on probation for three years. On June 2, 1997, the state filed its third complaint alleging appellant had violated his probation. Specifically, the state alleged that appellant violated:
 "Probation Rule #5: (I will comply with all orders given to me by my supervising officer or other authorized representative of the Court during including any written instructions issued at any time during the period of supervision.) (Count I) To wit: On or about 5/27/97 you failed to complete intensive inpatient treatment for alcoholism and drug addiction at the Compass House in Lorain, Ohio."
After a hearing, the court issued a judgment entry finding that appellant did violate his probation. He was ordered to serve his one year suspended sentence. On appeal, appellant asserts the following assignment of error:
 "THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT-APPELLANT VIOLATED RULE NUMBER 5 OF THE CONDITIONS OF PROBATION."
The decision as to whether or not to revoke an individual's probation for a violation rests within the sound discretion of the trial court.State v. McKnight (1983), 10 Ohio App.3d 312, 313. As such, an appellate court must apply an abuse of discretion standard when reviewing the trial court's ruling. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's action was unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,156.
At appellant's probation revocation hearing, Chris Harkness testified he was appellant's probation officer. Harkness described appellant's Rule 5 violation as follows. Appellant was ordered to complete the Compass House program which was a drug and alcohol treatment program. Appellant asked for and received a discharge from Compass House before completing the program. Appellant stayed in the three week program for approximately two weeks. Appellant failed to notify Harkness that he had left the program. Larry Tracy testified he was appellant's therapist while he was a resident of Compass House. Tracy testified that appellant was discharged for family reasons as opposed to misbehavior. The nature of appellant's discharge left open the possibility that he could return to treatment on a later date. Appellant testified he left the program because he was worried about the emotional well-being of his children.
In finding that appellant had violated his probation, the judge rejected appellant's argument that he was only ordered to enter the treatment program but never ordered to complete it. The court's order on a prior complaint alleging a violation of probation stated "[T]he Defendant is to enter an in-patient alcohol treatment program . . ." The trial judge stated at the June 23, 1997 hearing that appellant was ordered to enter the Compass House program to complete the program. Based on our review of this record, we conclude that the court did not abuse its discretion in finding that appellant had violated Rule 5. Appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Huron County Court of Common Pleas is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ Melvin L. Resnick, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.