[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Darren J. Riley (Riley) appeals from the judgment of the Union County Court of Common Pleas revoking his probation and reimposing his original sentence of incarceration.
On September 9, 1997 Riley plead guilty to three counts of forgery, two counts of Receiving Stolen Property, two counts of Misuse of a Credit Card and one count of Theft. On September 22, 1997 Riley was sentenced to serve one year on each count with all terms to run consecutively. This sentence was suspended on the condition that Riley comply with certain probationary terms. On November 25, 1997, probation authorities filed a notice alleging Riley had violated various terms of his probation. At Riley's first hearing on these allegations, November 26, 1997, the trial court determined that Riley had violated conditions of his probation and revoked his probation. Riley's original sentence was reimposed. Riley now takes this appeal.
Riley raises two assignments of error:
 I. The trial court erred, as a matter of law and in violation of defendant's Constitutional right to counsel, at the probation revocation hearing when it did not inform the defendant of his right to retain counsel or have counsel appointed for him, before accepting defendant's admission to the probation violations.
 II. The trial court erred, as a matter of law, when it imposed the maximum sentence on each count of forgery, receiving stolen property and misuse of credit cards, without first finding that it was necessary to impose the maximum sentence on each count, as required by Ohio Revised Code Section 2929.14.
 I.
In Riley's first assignment, he claims the trial court erred when, at his initial appearance on alleged probation violations, the court failed to inform him of his right to the assistance of counsel.
The record indicates that Riley was not represented by counsel at his probation revocation hearing. The transcript of the proceedings reads, in material part, as follows:
 Court: * * * Mr. Riley, you are charged with alleged violation of the terms of your probation, community control, I should say, and have you received a copy of that?
Riley: Yes, sir, I have, right now, sir.
* * *
 Court: * * * The first allegation is that you were in violation of the court order, in that you were to maintain employment, and on 10-20 of '97 you were terminated from your job because you lied to them.
Riley: Yes, sir, I did.
Court: And you admit that; is that correct?
Riley: Yes, sir, I do.
 Court: Secondly, violation of rule two of your conditions of supervision, in that you advised your supervising officer of change of residence, you were to advise of change of residence or employment, and you never informed the officer of your termination from your job. Is that correct?
Riley: Yes, sir, I never did, sir.
 Court: Okay. And the third is a violation of court order to successfully complete the DRC program. On 11-24-97 you were terminated from DRC, and sent to jail, for lying and disobeying orders. Is that correct?
Riley: Yes, sir, it was.
 Court: All right. Do you have any reason at this point why I should not terminate your community control, and send you to, send you to prison?
 Riley: No, sir. All three of these things they state are true. In fact, as it states here —
Court: Okay.
 Riley: Well, all three of these, all three of these were lies. That's been my problem, and I know that.
The court then found that Riley violated the terms of his probation. The court ordered that Riley serve the original prison sentence and the proceedings were concluded.
As is apparent from the transcript of proceedings, Riley was never advised of his right to have the assistance of counsel during this hearing.
Crim.R 32.3 states:
Revocation of Probation
 (A) Revocation hearing. The court shall not revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which such action is proposed. The defendant may be admitted to bail pending such hearing.
 (B) Counsel. The defendant shall have the right to be represented by retained counsel and shall be so advised. Where a defendant convicted of a serious offense is unable to obtain counsel, counsel shall be assigned to represent him, unless the defendant after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel. Where a defendant convicted of a petty offense is unable to obtain counsel, the court may assign counsel to represent him.
 (C) Confinement in petty offense cases. If confinement after conviction was precluded by Rule 44(B), revocation of probation shall not result in confinement.
 If confinement after conviction was not precluded by Rule 44(B), revocation of probation shall not result in confinement unless, at the revocation hearing, there is compliance with Rule 44(B).
 (D) Waiver of counsel. Waiver of counsel shall be as prescribed in Rule 44(C).
Crim.R 32.3 (emphasis added).
In State v. Avery (February 12, 1998), Union App. No. 14-97-28, unreported, this court held that where a court treats a preliminary probation revocation hearing as a final hearing, the probationer is entitled to the assistance of counsel. See also,State v. McKnight (1983), 10 Ohio App.3d 312, 314, 462 N.E.2d 441,444 (a final hearing, entitling a probationer to the assistance of counsel, is one where the court makes a determination as to revocation of probation). Further, the failure to advise the probationer of his right to assistance of counsel pursuant to Crim.R 32.3(B), violates the probationer's right to due process.Avery, supra at 10-11.
The State of Ohio (the State) argues Avery is distinguishable in that here, Riley volunteered admissions to the allegations before the court had an opportunity to advise him of his right to counsel as required by Crim.R 32.3(B). The State contends, therefore, that once a probationer volunteers an admission to an alleged probation violation, the trial court is under no duty thereafter to advise him of his right to the assistance of counsel. However, even if the State's argument had merit, the circumstances of this case do not demonstrate Riley entirely volunteered his admissions.
In support of its contention that Riley voluntarily admitted to his probation violations, the State points only to the first charge read to Riley. There, though Riley appears to readily admit to the allegation without prompting, the court followed up Riley's admission by asking him, "And you admit that, is that correct?" Further, the remaining two allegations were not merely read to Riley, but were posed as questions, in that after the court read the allegation it concluded by asking "[i]s that correct?"
The requirements of Crim.R 32.3(B) are clear, during a hearing on the revocation of probation, "[t]he defendant shall have the right to be represented by retained counsel and shall beso advised." Crim.R 32.3(B). Compliance with this rule is mandatory. Avery, supra; see also, State v. Brickner (Dec. 19, 1997), Defiance App. No. 4-97-04, unreported. As the court here failed to properly advise Riley of his right to retained counsel prior to making its determination on revocation of his probation, Riley was denied due process of law. Id.
Because the trial court proceeded to judgment without advising Riley of his right to the assistance of counsel, there is no assurance that Riley waived his right to counsel. Criminal Rule 32.3(D) requires a waiver of counsel during probation revocation hearing to comply with Crim.R 44(C). Criminal Rule 44(C) requires an accused charged with a serious offense to expressly waive their right to assistance of counsel in writing. Riley, facing terms of incarceration of one year on each of the eight counts he was convicted of, faced serious offenses as defined by Crim.R 2(C). Nevertheless, no written waiver of Riley's right to assistance of counsel is found in this record. Therefore, this judgment must be reversed and the cause remanded for proceedings in compliance with Crim.R 32.3.
Riley's first assignment of error is sustained.
 II.
In Riley's second assignment, he claims the trial erred by sentencing him to the maximum penalty on all eight of the counts to which he plead guilty. The trial court's judgment of sentence was entered on September 22, 1997. Riley, however, did not take a timely appeal of that judgment. Therefore, because the time for filing his notice of appeal has expired, Riley may not now challenge that judgment. App. R. 4. Furthermore, the judgment revoking Riley's probation by its own terms "reimposed" his original sentence. Riley may not challenge his original sentence by appeal of a subsequent judgment that merely reimposed that sentence.
Moreover, in view of our resolution of Riley's first assignment of error, the issue raised by his second assignment of error is moot.
Riley's second assignment of error is overruled.
Judgment Reversed and Remanded.
HADLEY and EVANS, JJ., concur.