[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant James Scott Atha appeals from the judgment of the Union County Court of Common Pleas revoking his probation and reimposing a previously suspended sentence of incarceration.
On January 21, 1993, defendant pled guilty to trafficking in marijuana in violation of former R.C. 2925.03(A)(7), a felony of the second degree. Defendant was sentenced that same date to an indefinite period of two to fifteen years with an actual incarceration of six months. He was also ordered to pay a mandatory fine in the amount of $5,000.
On June 3, 1993, defendant was released on "super shock" probation and ordered to serve a probationary period of five years. Defendant completed approximately four years of his probation but on August 4, 1997 was arrested for a probation violation.
Defendant's probation revocation hearing was on August 22, 1997 and was without benefit of counsel. The trial court concluded that defendant had received several criminal convictions, failed to attend required counseling and tested positive for marijuana use on several occasions. Consequently, the trial court reimposed its original sentence and ordered defendant confined to the Department of Rehabilitation Correction.
Defendant originally filed notice of appeal on September 19, 1997. However, defendant's counsel failed to timely file a brief or a motion for extension of time. As a result, this court dismissed the appeal for want of prosecution on November 14, 1997. On November 26, 1997, defendant's counsel filed a motion to reconsider the dismissal of defendant's appeal. That motion was denied on December 8, 1997.
On April 1, 1998 defendant, pro se, filed an application for reopening under App. R. 26(B), asserting ineffective assistance of appellate counsel. This court granted that motion on May 14, 1998. Defendant's pro se appeal asserts the following assignments of error:
Assignment of Error No. 1:
 Trial court erred and prejudicially harmed the Appellant by denying his rights to a preliminary hearing, denying the Appellant his due process rights and rights to a fair hearing.
Assignment of Error No. 2:
 Trial court erred by denying the Appellant his right to counsel.
Assignment of Error No. 3:
 Trial court erred by not providing the Appellant with a written statement of facts and reasons relied upon for revoking probation.
Assignment of Error No. 4:
 Trial court erred by not allowing the Appellant to subpeona [sic] witnesses, cross-examine witnesses, and by admitting unsworn testimony of probation officer into record.
The first time that a defendant is entitled to representation in a probation revocation proceeding is at the final hearing, when the court makes its determination as to revocation. State v.McKnight (1983), 10 Ohio App.3d 312, 314. However, in State v.Avery (February 12, 1998), Union App. No. 14-97-28, and State v.Riley (June 4, 1998), Union App. No. 14-98-1, this court held that where a court treats a preliminary probation revocation hearing as a final hearing, the probationer is entitled to the assistance of counsel. We have further held that the failure to advise a probationer of his right to assistance of counsel pursuant to Crim.R. 32.3(B) violates the probationer's right to due process.Avery, supra at 10-11.
Review of the transcript of defendant's sole revocation hearing shows that the defendant was not represented by counsel at that hearing and that the trial court failed to advise defendant of his right to counsel as required by Crim.R. 32.3(B). Because the trial court held only one hearing, defendant was entitled to assistance of counsel. Thus, on the authority of this court's previous decisions in State v. Avery and State v. Riley
defendant's second assignment of error is sustained.
Because we have sustained defendant's second assignment of error, his remaining assignments of error are moot. App. R. 12(A)(1)(c). We therefore reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 EVANS and HADLEY, JJ., concur.