Appellant Charles Kaine appeals the decision of the trial court finding him in violation of his probation. Kaine assigns the following two errors for our review:
 I. WHETHER THE TRIAL COURT'S FINDING THAT THE DEFENDANT VIOLATED HIS PROBATION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REVOKED THE DEFENDANT'S PROBATION FOR FAILURE TO MAKE RESTITUTION WHEN THE ONLY EVIDENCE PRESENTED CLEARLY ESTABLISHED THAT THE DEFENDANT WAS UNABLE TO MAKE SAID RESTITUTION.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On July 11, 1996, the trial court convicted Kaine of both aggravated arson and insurance fraud in connection with a fire that destroyed his 32 foot boat. The trial court sentenced Kaine to consecutive terms of five to twenty-five years for aggravated arson and two years for insurance fraud. The trial court suspended the sentence, placed Kaine on probation for two years, and ordered him to pay court costs; to pay $200 probation supervision fee; to pay $45,000 restitution; and to perform 100 hours of Community Service.
On July 22, 1996, the trial court held a probation violation hearing on the issue of whether Kaine had failed to pay the court-ordered restitution. Kaine stipulated probable cause. Kaine's probation officer, Fred Antonucci, testified that Kaine repeatedly assured him that the restitution would be paid when Kaine sold his house. However, Antonucci discovered that the house was in foreclosure and that there was no equity in the house due to the fact that Kaine had three mortgages on the property.
Kaine's trial counsel argued that Kaine was unable to pay the restitution. He argued the sixty-nine year old Kaine was in bankruptcy and had been unable to find employment in the area of computers — where he had been working on an independent basis over the years.
Kaine pleaded guilty to the probation violation. The trial court had the following discussion with Kaine on the record:
 COURT: Mr Kaine, according to the presentence investigation dated 7/16/96, you were receiving SSI in the amount of $775 a month. Is that not the case? Is that not the case, sir?
KAINE: Yes, your Honor.
 COURT: Okay. Now, so you can't say you are broke. Let's talk for a minute here. You were found guilty of arson. You agreed — you were ordered to repay the — what the insurance company had paid you. Now, that was back in — what was the date of the sentencing her? 7/29/96. You were sentenced to a term of five to 25 years. And the reason I put you on probation is so you could pay the money back. You kept telling your probation officer that as soon as you sold your house, you are going to pay, instead of making monthly payments. So what did you do. You went out and put second mortgages on. * * *
 Now, then you go into bankruptcy. I don't know how a person who is receiving $775 a month, and whatever outside things you are doing, could be in bankruptcy other than the fact that you're trying to hide some assets.
 So I will give you a choice right here and right now. You are self employed systems consultant. Oh boy. Now, you have a choice right here and right now. You repay the money or you go to jail, no ands, ifs or buts.
(Tr. 4 — 6.)
Kaine's attorney stated that Kaine "simply does not have the funds to pay" the restitution. Thereafter, the trial court found Kaine to be a probation violator, terminated his probation, and ordered his original sentence into execution. This appeal followed.
In his first assignment of error, Kaine argues the manifest weight of the evidence is against his conviction. When reviewing a trial court's decision to revoke probation, we must be mindful that the decision to revoke or not revoke a defendant's probation rests within the sound discretion of the trial court. State v.McKnight (1983), 10 Ohio App.3d 312, 314, motion for delayed appeal denied (1997), 78 Ohio St.3d 1440; State v. Scott (1982),6 Ohio App.3d 39, 41. In a probation revocation hearing the burden of proof is one of proof of a substantial nature that the probationer violated the conditions of his probation. State v.Mingua (1974), 42 Ohio App.2d 35, 40; State v. Umphries (July 9, 1998), Pickaway App. No. 97CA45, unreported.
It is well settled that a court cannot revoke probation for failure to pay restitution where there is no evidence that the probationer had the ability to pay. Umphries. There must be evidence that the failure to pay or the failure to obtain employment was willful or intentional. State v. Walden (1988),54 Ohio App.3d 160, 162. In instances where the probationer willfully refuses to pay the fine when he has the ability to pay, the State may properly use imprisonment as a form of punishment.Id. at 163.
 [A] probationer's failure to make sufficient bona fide efforts to seek employment or borrow money in order to pay the fine or restitution may reflect an insufficient concern for paying the debt he owes to society for his crime. In such a situation, the State is likewise justified in revoking probation and using imprisonment as an appropriate penalty for the offense.
Id.
Kaine argues he had no funds to pay restitution. However, Kaine admitted that, at the time the court placed him on probation, he had received $775 a month in Social Security benefits. He also told his probation officer that he would pay the restitution as soon as he sold his house. However, sometime after the trial court placed him on probation, Kaine encumbered the house with three additional mortgages. Kaine offered no explanation of what he did with the money obtained via the mortgages. He neglected to make any payments at all toward the restitution or court costs. Although Kaine did complete his community service, he did not make bona fide efforts to pay his restitution. Under the circumstances, the trial court did not abuse its discretion in revoking Kaine's probation. Kaine's first assigned error is overruled.
In his second assignment of error, Kaine argues the trial court abused its discretion when it revoked his probation solely because of his inability to pay the restitution. As discussed in our resolution of Kaine's first assignment of error, Kaine's failure to demonstrate that he made a good faith effort to pay the restitution prevents us from concluding that the trial court erred in revoking his probation. "Revocation of probation for failure to pay costs and make restitution does not constitute a denial of equal protection to a person claiming to be indigent, who has not sustained [his] burden of presenting evidence indicating that [he] has made a good-faith effort within the limits of [his] ability to comply with the terms of [his] probation order." State v. Davis (Oct. 12, 1989), Delaware App. No. 89-CA-17, unreported, citing State v. Woods (1982), 7 Ohio App.3d 81,82. Kaine's second assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, P.J., and SPELLACY, J., CONCUR.
 _____________________ PATRICIA ANN BLACKMON JUDGE