OPINION
Defendant-appellant, Linda Robinson, appeals the decision of the Warren County Court of Common Pleas revoking her probation and sentencing her to prison.
On June 14, 1999, appellant was sentenced, pursuant to a plea agreement, for possession of cocaine, in violation of R.C.2925.11-(A), a fifth degree felony, and child endangering, in violation of R.C. 2919.25(A), a first degree misdemeanor. Appellant was ordered to serve a three year term of community control, with the condition that she successfully complete a treatment program at Montgomery County and Dayton Community Correctional Institution ("MonDay") in Dayton, Ohio. Appellant entered the program on August 27, 1999. Three days later, appellant called her probation officer, Joseph Zielinski, to complain that the program was not what she wanted and that it would not address her drug problems. Zielinski told appellant that if she left the program, a probation violation would be filed.
On September 27, 1999, appellant again told Zielinski that she wanted to leave MonDay, only one month into the five month program. Appellant felt that the program's behavior modification treatments were unnecessary for her. Zielinski again reminded appellant that if she left, a probation violation would be filed and that she could be sentenced to prison. Appellant left the MonDay program, and a probation violation was filed on September 28, 1999.
On October 6, 1999, a probation revocation hearing was held at which both Zielinski and appellant testified. Appellant related her belief that a program other than MonDay would better suit her drug addictions. At the conclusion of the hearing, the trial court revoked appellant's probation and sentenced her to a ten month prison term. On October 13, 1999, the trial court filed an entry stating the same. No findings in support of the sentence were made. Appellant appeals, raising two assignments of error, which we address together for clarity.
Assignment of Error No. 1:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED A PRISON TERM UPON THE REVOCATION OF APPELLANT'S PROBATION.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN IMPOSING A TEN MONTH PRISON SENTENCE WITHOUT PROPERLY INCLUDING THE REQUIRED FELONY SENTENCING FINDINGS IN THE SENTENCING ENTRY.
In her assignments of error, appellant contends that the trial court abused its discretion by revoking her probation and sentencing her to a prison term. Appellant argues that she should have been placed in a different community control facility. She asserts that the trial court could not impose a prison term because it failed to provide the necessary statutory findings.
R.C. 2929.15(B) provides, in part:
 If the conditions of a community control sanction * * * [are] violated, the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. * * * The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specific in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19 of the Revised Code. (Emphasis added.)
The decision whether to revoke the offender's probation is left to the discretion of the trial court, and absent an abuse of that discretion, the decision of the trial court will not be reversed. State v. McKnight (1983), 10 Ohio App.3d 312, 313. A trial court does not abuse its discretion by revoking an offender's probation where the violation in question was one over which the offender had control or where the probation condition which has been violated was appropriate. State v.Jones (1990), 49 Ohio St.3d 51, 53; State v. Stockdale (Sept. 26, 1997), Lake App. No. 96-L-172, unreported.
R.C. 2929.15(B) provides that for a probation violation, the trial court "may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code." For a fifth degree felony, a definite prison term of six to twelve months may be imposed. R.C. 2929.14(A)(5). If the offender has not previously served a prison term, the court must impose
 the shortest prison term authorized * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
R.C. 2929.14(B). The maximum prison term may be imposed only upon offenders who have committed "the worst forms of the offense," who "pose the greatest likelihood of committing future crimes," who committed certain drug offenses, or who are repeat violent offenders. R.C. 2929.14(C). R.C.2929.19(B)(2)(a) provides that the trial court must state, if it imposes a prison term for a felony of the * * * fifth degree or for a felony that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing * * *, its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code that it found to apply relative to the offender.
In the instant case, the trial court originally sentenced appellant to a three year term of community control, conditioned upon her completion of the MonDay program. It is evident that, at that time, the trial court believed that MonDay could adequately address appellant's problems. The trial court reiterated this belief at the probation revocation hearing. Zielinski testified that MonDay treats not only behavioral issues, but also the factors which lead to such issues, including drug problems.
In light of these facts, the decision of the trial court to order appellant to complete the MonDay program was not unreasonable. Appellant's decision to leave the program was wholly her own. The trial court did not abuse its discretion by revoking appellant's probation for this violation.
The trial court did err, though, in its imposition of a prison term for the probation violation. Although a trial court has the authority, pursuant to R.C. 2929.15, to impose a prison term, it may do so only if it makes the requisite statutory findings. R.C. 2929.13 and 2929.14. In the instant case, the original sentencing entry imposing community control did not include any of the findings necessary to impose a prison term. Nor were any such findings provided in the record of the probation revocation hearing, or in the trial court's final sentencing entry.
The trial court properly revoked appellant's probation, but we must vacate the imposed prison term and remand the case for the trial court to reconsider sentencing and provide proper findings to support its decision. The second assignment of error is sustained; the first assignment of error is moot and therefore overruled.
Judgment vacated in part and cause remanded for proceedings consistent with this opinion.
POWELL, P.J., and WALSH, J., concur.