DECISION
Kenneth R. Birchler, defendant-appellant, appeals the March 15, 2000 revocation entry of the Franklin County Court of Common Pleas.
On July 30, 1997, the state of Ohio ("state") filed an indictment against appellant alleging two first-degree felony counts of rape, one first-degree felony count of kidnapping, and one fourth-degree felony count of gross sexual imposition. On November 12, 1997, appellant pled guilty pursuant to NorthCarolina v. Alford (1970), 400 U.S. 25, to the lessor-included offense of assault, in violation of R.C. 2903.13, a first-degree misdemeanor, and the remaining counts were dismissed via nolleprosequi. The trial court sentenced appellant to six months imprisonment, ordered him to complete sixty days at the Franklin County Work Release Facility, and credited appellant with seven days of jail time credit. The trial court also gave appellant five years probation, including the following requirement: "Defendant shall obtain sex offender counseling as prescribed by the Probation Officer."
On January 13, 2000, appellant's probation officer filed a request for revocation of probation and statement of violation, based upon the following: "The defendant was terminated from Sex Offender Treatment on 12-20-99." The trial court held a hearing on February 28, 2000, at which it found that appellant had been terminated from the sex offender treatment program, and such termination constituted a violation of the conditions of probation. The court filed a revocation entry on March 15, 2000, in which it revoked appellant's probation and ordered him to serve the remaining balance of his sentence. Appellant appeals this judgment and presents the following assignments of error:
First Assignment of Error:
 The Trial Court committed prejudicial error in revoking Defendant-Appellant's probation based solely on Defendant-Appellant's refusal to admit to specific criminal conduct and a specific victim as a condition of probation given the fact that the Trial Court had accepted the Defendant's guilty plea with an Alford
Plea.
 Second Assignment of Error:
 The Trial Court committed prejudicial error during the Probation Revocation Hearing by failing to serve as a neutral and detached hearing officer as required by due process under Ohio law and United States of America law.
Appellant argues in his first assignment of error that the trial court erred in revoking his probation. A trial court's judgment revoking probation may be reversed on appeal only if the court abused its discretion. Columbus v. Bickel (1991), 77 Ohio App.3d 26,38; State v. McKnight (1983), 10 Ohio App.3d 312, 313. An "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Maurer (1984), 15 Ohio St.3d 239,253.
In the present case, as a condition of probation, the trial court ordered appellant to "obtain sex offender counseling as prescribed by the Probation Officer." Appellant attended Specialized Therapeutic Offender Programming, Inc. ("STOP"). On December 20, 1999, Lisa Rhees, the executive director of STOP, sent a letter to appellant's probation officer informing her that appellant had been terminated unsuccessfully from STOP due to his failure to complete assignments. Specifically, Ms. Rhees stated that in answering a "911 homework assignment," appellant continued to state that he did not have a victim. Ms. Rhees also stated that in appellant's final session on December 1, 1999, he still insisted that he did not have a victim. At the revocation hearing, Ms. Rhees testified that appellant's inability to complete the program was due solely to his failure to acknowledge specific criminal conduct against a victim or any victim at all.
We cannot reconcile appellant's Alford plea and the requirement as a part of his counseling session that he admit he had a victim. An Alford plea is considered a qualified guilty plea because it allows a defendant to enter a guilty plea yet maintain his or her innocence. See Alford, supra. Requiring appellant to admit that there was a victim or to specific criminal conduct against a victim would be in contradiction to his maintenance of factual innocence pursuant to Alford.
The state cites State v. Stewart (Mar. 31, 1995), Wood App. No. WD-94-053, unreported, to support its position that appellant's probation could be revoked under these circumstances despite his Alford plea. In Stewart, the defendant pled guilty pursuant to Alford, and as a condition of probation, was ordered to complete a domestic violence program. The domestic violence program required the defendant to admit guilt with regard to the charges, which he refused to do, and he was, therefore, dismissed from the program for noncompliance. The trial court revoked his probation, finding that his Alford plea did not exempt him from fulfilling the terms of probation. Although the Wood County Court of Appeals sustained the trial court's finding that appellant had violated the terms of his probation, the court also stated:
 [W]e are cognizant of the inconsistency of the trial court's acceptance of an Alford plea with successful participation in the domestic violence program where an admission of wrongdoing is deemed essential to rehabilitation. * * * The Alford court, while permitting a trial court to accept a plea of guilty from a defendant who maintains his innocence as to the crime charged, specifically provides that the acceptance of such plea is within the discretion of the court. Under the circumstances of this case and the apparent nature of the program involved, the trial court's refusal of an Alford plea would have been appropriate.
We agree with this statement by the Wood County Appellate Court and find it equally valid in the present case, inasmuch as the trial court's refusal of an Alford plea or some other form of probation terms would have been appropriate under the present circumstances.
However, we find the underlying facts in Stewart
significantly dissimilar to those in the present case as to render inapplicable that court's ultimate finding sustaining the revocation of probation. In Stewart, the appellate court stated:
 As the trial court noted at the time of sentencing after appellant totally denied any criminal behavior, "That being the case I don't see then any — any possibility that Mr. Stewart would successfully go through any kind of treatment."
The Ohio Supreme Court has found that with regard to probation "the conditions must be clear enough to notify the probationer of the conduct expected of him." State v. Jones (1990), 49 Ohio St.3d 51,55. Thus, in Stewart, the trial court informed the defendant of, and the defendant had notice of, the conduct expected of him. However, in the present case, the record reveals that the trial court did not inform appellant that he would be required to admit that he had a victim in order to complete probation, despite his maintenance of factual innocence pursuant to Alford. Further, because appellant did not have notice of this term of probation, which was significant due to his Alford plea, he could not have been expected to file a direct appeal of his probation requirements after the original sentencing hearing, as was the case in Stewart.
We also note that, in the present case, the Client Rights and Responsibilities Contract that appellant was required to sign upon entering the STOP program did not include any requirement that appellant admit to any specific conduct or such conduct resulting in a victim. In the Acceptance of Education Class Rules Agreement, which appellant signed, appellant agreed to "acknowledge my offense of record in order to complete the STOP Education Class." Indeed, during the revocation hearing, Ms. Rhees agreed that appellant had "constantly acknowledged that he had been convicted of a first degree misdemeanor, simple assault, out of a plea bargain." Further, although appellant stated in response to three questions on the "911 homework assignment" that he did not have a victim, he went on to state and explain how such a victim may have felt under the particular circumstances.
For the preceding reasons, we find that appellant did not have notice that he would be required to admit specific criminal conduct or that there was a victim of such conduct. Under the circumstances of this case, the trial court abused its discretion in revoking appellant's probation based upon that reasoning. Appellant's first assignment of error is sustained.
Appellant argues in his second assignment of error that the trial court committed prejudicial error during the probation revocation hearing by failing to serve as a neutral and detached hearing officer. However, because we have sustained appellant's first assignment of error, this argument is rendered moot, and we need not address it. See App.R. 12(A)(1)(c).
Accordingly, appellant's first assignment of error is sustained, and his second assignment of error is rendered moot. The judgment of the Franklin County Court of Common Pleas with regard to the revocation of appellant's probation is reversed, and this cause is remanded to that court to enter a judgment consistent with this opinion.
BROWN and TYACK, JJ., concur.