DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Perrysburg Municipal Court that imposed a previously suspended jail sentence after the court determined that defendant-appellant, James Agaja, had violated the terms of his probation. From that judgment, Agaja raises the following assignment of error:
 {¶ 2} "Whether a defendant at a probation violation hearing may collaterally attack a prior plea which results in a conviction and fails to warn him of a possible probation violation."
 {¶ 3} On February 6, 2002, Agaja appeared in Perrysburg Municipal Court and entered a plea of no contest to one count of driving under the influence of alcohol in violation of R.C. 4511.19(A)(1). The court found Agaja guilty of the offense and sentenced him to 60 days incarceration. The court then suspended 57 of those days and placed Agaja on probation for five years with the condition that he not be convicted of another alcohol related offense during the period of his probation.
 {¶ 4} On July 10, 2002, Agaja was convicted of driving under the influence of alcohol in Franklin County Municipal Court after entering a plea of no contest to the DUI charge as a first offender. Appellant did not appeal that conviction or file a motion to withdraw his no contest plea.
 {¶ 5} Thereafter, the lower court notified Agaja that probation revocation proceedings were being brought against him for violating the terms of his probation, i.e., for having an alcohol related offense within five years of his February 6, 2002 conviction. Agaja responded by filing a motion for an order denying the probation violation. Agaja asserted that he could not be found to have violated his probation because the Franklin County Municipal Court failed to inform him that a consequence of his plea in that court could be the revocation of his probation in the Perrysburg case. The trial court rejected Agaja's argument and in a judgment entry of November 4, 2002, imposed the previously suspended sentence of 57 days incarceration.
 {¶ 6} In his sole assignment of error, appellant asserts that the trial court erred in revoking his probation and imposing sentence because that finding was based on a flawed ruling by the Franklin County Municipal Court. That is, he contends that his plea in Franklin County Municipal Court was invalid and, therefore, the lower court herein could not rely on his Franklin County conviction to find that he had violated the terms of his probation.
 {¶ 7} The decision as to whether or not to revoke a defendant's probation rests within the sound discretion of the trial court. State v.McKnight (1983), 10 Ohio App.3d 312, 313. Appellant did not appeal the judgment of the Franklin County Municipal Court or did he file a motion in that court to withdraw his no contest plea. Accordingly, and to date, that conviction stands and for purposes of the probation revocation proceeding below, was valid.
 {¶ 8} The terms of appellant's probation were clear. Appellant was not to be convicted of another alcohol related traffic offense for five years. He violated that term of his probation. We therefore cannot say that the trial court abused its discretion in revoking appellant's probation and imposing the previously suspended term of imprisonment. The sole assignment of error is not well-taken.
 {¶ 9} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Perrysburg Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
Handwork, P.J., and Lanzinger, J., concur.