OPINION
{¶ 1} Appellant, Rhonda Scharf, appeals from the September 18, 2002 judgment entry of the Willoughby Municipal Court, ordering the revocation of her probation.
 {¶ 2} On July 18, 2002, a complaint was filed against appellant for violating the terms of her probation in violation of R.C. 2951.08. On July 25, 2002, appellant entered a not guilty plea at her initial appearance. A probation revocation hearing commenced on September 18, 2002. Pursuant to the trial court's September 18, 2002 judgment entry, appellant was found guilty of a probation violation and was sentenced to thirty days in jail, as well as a $250 fine plus court costs. The trial court stayed appellant's sentence pending the appeal.
 {¶ 3} The facts contained in the record are as follows: on November 1, 2000, appellant was found guilty of driving under the influence of alcohol ("D.U.I.") in Case No. 00-TRC-07429. In that case, the trial court sentenced appellant to three hundred sixty five days in jail, of which two hundred days were suspended, and required appellant to serve forty-five days in jail or eighteen days in jail and fifty-five days of home arrest. The trial court also fined appellant $1500, $750 of which was suspended. The trial court deferred judgment on imposing an additional one hundred twenty days for review after ninety days from the date of sentencing. The trial court also suspended appellant's driver's license for three years, immobilized her vehicle for one hundred eighty days, and ordered mandatory drug and alcohol treatment. Appellant was placed on probation for a term of two years from November 1, 2000, through November 1, 2002.
 {¶ 4} Appellant's probation contained the following terms:
 {¶ 5} "Rule 1. You shall obey all federal, state or local laws. You must contact your probation officer immediately if arrested or questioned by a law enforcement officer.
 {¶ 6} "Rule 8. You shall not use, possess, or have under your control, any controlled substance not prescribed to you by a licensed physician. Use of alcohol is prohibited.
 {¶ 7} "Rule 10. You shall follow your probation officer's instructions and comply with the following special conditions: ** No alcohol, treatment, and AA attendance ** [.]"
 {¶ 8} Carol Savage ("Savage"), a probation officer with the Willoughby Municipal Court, supervised appellant during her probation. On June 25, 2002, while appellant was still on probation, the city of Wickliffe charged appellant with D.U.I. due to an incident that occurred on May 22, 2002. In regard to that incident, Savage testified that appellant told her that "she had been back drinking for at least several months." According to Savage, appellant stated that she was drunk and ran into her garage with her vehicle.
 {¶ 9} Appellant testified that police and emergency personnel came to her home, located at 2511 Rockefeller Road in Wickliffe, Ohio, and took her to the hospital after her accident on May 22, 2002. Appellant stated that she was unconscious for a few hours and stayed at the hospital until the following afternoon. According to appellant, on June 25, 2002, Wickliffe Police called her at 11:30 p.m. to inform her that they were going to arrest her for a felony D.U.I. and that she needed to come to the station either at that time or the next morning to get fingerprinted. Appellant testified that she went to the station around 6:30 a.m. the following morning. Appellant stated that she contacted Savage to inform her that she had been arrested, but denied telling Savage that she was drunk. However, appellant contended that she was an alcoholic and had a blood alcohol content of .406 on May 22, 2002. Also, appellant testified that the signature on her probation form was not hers and stated, "I have no idea how it got there."
 {¶ 10} Ronald Campbell ("Campbell"), chief probation officer with the Willoughby Municipal Court, testified for the defense. Campbell stated that each probation officer, within reason, may make his or her own guidelines with respect to the conditions of an individual's probation. Campbell testified that he has had appellant on probation in the past and that "[appellant] knows what the terms [of her probation] are." According to Campbell, a probation officer has the authority to order an individual on probation to not consume alcohol if that individual has a chronic history of alcohol abuse or is a multiple offender.
 {¶ 11} Pursuant to the September 18, 2002 judgment entry, appellant filed a timely notice of appeal on September 20, 2002, and makes the following assignment of error:
 {¶ 12} "The trial court's finding that [appellant] had violated the terms of her probation is against the manifest weight of the evidence in the following respects: (1) the trial court's conditions of probation deviate from the conditions set forth in R.C. 2951.08; and (2) there was insufficient evidence to establish that [appellant] had violated any of the terms of her probation."
 {¶ 13} In her sole assignment of error, appellant argues that her conviction is against the manifest weight of the evidence. Appellant specifically alleges that the trial court's conditions of probation deviate from the conditions set forth in R.C. 2951.08. Appellant also contends that there was insufficient evidence to establish that she violated any of the terms of her probation.
 {¶ 14} As this court stated in State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13-14:
 {¶ 15} "`Sufficiency' challenges whether the prosecution has presented evidence on each element of the offense to allow the matter to go to the [trier of fact], while `manifest weight' contests the believability of the evidence presented.
 {¶ 16} "`"(* * *)The test (for sufficiency of the evidence) is whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiryabout due process. It raises a question of law, the resolution of whichdoes not allow the court to weigh the evidence. * * * "'.
 {¶ 17} "In other words, the standard to be applied on a question concerning sufficiency is: when viewing the evidence `in a light most favorable to the prosecution,' * * * `(a) reviewing court (should) not reverse a [trier of fact's decision] where there is substantial evidence upon which the [trier of fact] could reasonably conclude that all of the elements of an offense have been proven beyond a reasonable doubt.' * * *" (Emphasis sic.) (Citations omitted.)
 {¶ 18} A reviewing court must look to the evidence presented to assess whether the state offered evidence on each statutory element of the offense, so that a rational trier of fact may infer that the offense was committed beyond a reasonable doubt. State v. March (July 16, 1999), 11th Dist. No. 98-L-065, 1999 Ohio App. LEXIS 3333, at 8. The evidence is to be viewed in a light most favorable to the prosecution when conducting this inquiry. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Further, the verdict will not be disturbed on appeal unless the reviewing court finds that reasonable minds could not have arrived at the conclusion reached by the trier of fact. State v. Dennis (1997),79 Ohio St.3d 421, 430.
 {¶ 19} In Schlee, supra, at 14-15, we also stated that: "`[M]anifest weight' requires a review of the weight of the evidence presented, not whether the state has offered sufficient evidence on each element of the offense.
 {¶ 20} "`In determining whether the verdict was against the manifest weight of the evidence, "(* * *) the court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. (* * *)"' (Citations omitted.) * * *" (Emphasis sic).
 {¶ 21} A judgment of a trial court should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v.Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 22} This court stated in State v. Nagle (June 16, 2000), 11th Dist. No. 99-L-089, 2000 Ohio App. LEXIS 2658, at 10, that "[t]he primary purpose of [a probation revocation] hearing is to conduct an inquiry into whether the probationer's conduct comported with the terms of the court-ordered probation." At a probation revocation hearing, a trial court should apply a preponderance of the evidence standard. Id. at 11, citing State v. Stockdale (Sept. 26, 1997), 11th Dist. No. 96-L-172, 1997 Ohio App. LEXIS 4363, at 7. It is within the sound discretion of the trial court to determine whether to revoke probation. Nagle, supra, at 11, citing State v. McKnight (1983), 10 Ohio App.3d 312, 313. Absent an abuse of discretion, an appellate court will not reverse the trial court's decision. Nagle, supra, at 11.
 {¶ 23} In the case at bar, appellant alleges that she actively attempted to address her problem with alcohol. According to appellant, Savage indicated to her that she no longer had to make mandatory visits to the probation department. Appellant stresses that she complied with the terms of her probation since she notified Savage of her arrest on June 25, 2002. Appellant denies that her signature appears on her probation form. Also, appellant alleges that R.C. 2951.08 does not prohibit the consumption of alcohol while on probation. As such, appellant contends that there exists such great doubt and lack of probative evidence to justify the trial court's finding that she violated the conditions of her probation. We disagree.
 {¶ 24} R.C. 2951.08 governs the arrest of a probationer, rather than the conditions of probation. R.C. 2951.02 grants the trial court broad discretion in imposing additional conditions of probation. Statev. Green (Mar. 26, 1999), 11th Dist. No. 98-L-023, 1999 Ohio App. LEXIS 1221, at 8-9, citing State v. Jones (1990), 49 Ohio St.3d 51, 52. "Such conditions cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty. * * * In determining whether a condition of probation is related to the `interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." Jones at 52-53.
 {¶ 25} R.C. 2951.02(C)(1) provides, in pertinent part, that "* * * [i]n the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender. Compliance with the additional requirements imposed under this division also shall be a condition of the offender's probation or other suspension."
 {¶ 26} In the instant matter, all three factors pursuant to Jones,
supra, are applicable. First, the condition of not using alcohol was reasonably related to rehabilitating appellant, an admitted alcoholic, who has had three D.U.I. convictions. In addition, the condition has a reasonable relationship to the crime charged because the violation was a direct result of appellant's consumption of alcohol. Finally, although the condition does not relate to criminal conduct, it is reasonably related to future criminality which may occur after appellant has consumed alcohol. As a result, we believe the condition serves the statutory ends of probation.
 {¶ 27} While appellant was still on probation for the November 1, 2000 incident, on June 25, 2002, she was charged with a felony D.U.I. due to the foregoing incident that occurred on May 22, 2002. One of the conditions of appellant's probation included not using alcohol. According to Savage, the conditions of appellant's probation were given to her in writing, and Savage went over them with appellant step by step. Pursuant to Campbell's testimony, appellant has been on probation in the past and "knows what the terms [of her probation] are." As such, the trial court reasonably determined that appellant was aware of the conditions of her probation. Savage testified that appellant told her that "she had been back drinking for at least several months" and that she was drunk on May 22, 2002. Appellant even stated that she is an alcoholic and had a blood alcohol content of .406 on the day at issue.
 {¶ 28} Based on Jones, supra, and R.C. 2951.02(C)(1), the condition of not using alcohol was aimed at rehabilitating appellant. The imposition of the condition of not consuming alcohol was not inappropriately harsh, and thus, is not an abuse of the trial court's discretion pursuant to Nagle, supra. Therefore, based on Schlee, supra, the state has offered sufficient evidence to establish that appellant violated her probation by using alcohol or by using alcohol excessively. Also, pursuant to Schlee and Thompkins, supra, the trier of fact did not clearly lose its way by revoking appellant's probation.
 {¶ 29} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Willoughby Municipal Court is affirmed.
Judgment affirmed.
William M. O'Neill and Diane V. Grendell, JJ., concur.