OPINION
{¶ 1} On August 5, 2004, the Holmes County Grand Jury indicted appellant, Robert Cogar, on one count of felonious assault in violation of R.C. 2903.11, one count of aggravated assault in violation of R.C. 2903.12
and one count of domestic violence in violation of R.C. 2919.25. All charges arose from an incident involving appellant's wife.
 {¶ 2} On November 24, 2004, appellant pled guilty to a reduced charge of assault in violation of R.C. 2903.13, a misdemeanor in the first degree. By judgment entry filed December 3, 2004, the trial court sentenced appellant to one hundred eighty days in jail, suspended in lieu of one year of intensive supervision/jail diversion, and serve three years of community control.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "TRIAL COURT ERRORED (SIC) IN IMPOSING AS A CONDITION OF PROBATION THAT DEFENDANT-APPELLANT BE SUBJECT TO RANDOM DRUG SCREENS AND URINE TESTS."
 II {¶ 5} "TRIAL COURT ERRORED (SIC) IN IMPOSING AS A CONDITION OF PROBATION THAT DEFENDANT-APPELLANT BE SUBJECT TO A 9PM TO 6AM CURFEW."
 III {¶ 6} "TRIAL COURT ERRORED (SIC) IN IMPOSING AS A CONDITION OF PROBATION THAT DEFENDANT-APPELLANT BE ORDERED NOT TO CONSUME OR POSSES (SIC) ALCOHOL."
 IV {¶ 7} "TRIAL COURT ERRORED (SIC) WHEN IMPOSING AS A CONDITION OF PROBATION THAT DEFENDANT-APPELLANT NOT VISIT BARS OR OTHER PLACES WHERE LIQUOR IS SOLD."
 V {¶ 8} "TRIAL COURT ERRORED (SIC) WHEN IMPOSING AS A CONDITION OF PROBATION THAT DEFENDANT-APPELLANT NOT HAVE UNDER HIS CONTROL, OR HAVE AT HIS PLACE OF RESIDENCE OR MOTOR VEHICLE, ANY FIREARM OR DANGEROUS ORDANCE (SIC)."
 VI {¶ 9} "TRIAL COURT ERRORED (SIC) WHEN AS A CONDITION OF PROBATION THAT DEFENDANT-APPELLANT HAVE ABSOLUTELY NO CONTACT WITH THE VICTIM, HIS WIFE, SHEILA D. COGAR."
 I, II, III, IV, V, VI {¶ 10} Appellant claims the trial court erred in imposing certain terms and conditions of probation. We disagree.
 {¶ 11} Sentencing rests in the sound discretion of the trial court.State v. O'Dell (1989), 45 Ohio St.3d 140. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 12} R.C. 2929.22 governs sentence for misdemeanor. Subsections (A) and (B) state the following:
 {¶ 13} "(A) Unless a mandatory jail term is required to be imposed by division (G) of section 1547.99, division (B) of section 4510.14, division (G) of section 4511.19 of the Revised Code, or any other provision of the Revised Code a court that imposes a sentence under this chapter upon an offender for a misdemeanor or minor misdemeanor has discretion to determine the most effective way to achieve the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.
 {¶ 14} "Unless a specific sanction is required to be imposed or is precluded from being imposed by the section setting forth an offense or the penalty for an offense or by any provision of sections 2929.23 to2929.28 of the Revised Code, a court that imposes a sentence upon an offender for a misdemeanor may impose on the offender any sanction or combination of sanctions under sections 2929.24 to 2929.28 of the Revised Code. The court shall not impose a sentence that imposes an unnecessary burden on local government resources.
 {¶ 15} "(B)(1) In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:
 {¶ 16} "(a) The nature and circumstances of the offense or offenses;
 {¶ 17} "(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;
 {¶ 18} "(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
 {¶ 19} "(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;
 {¶ 20} "(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B) (1)(b) and (c) of this section.
 {¶ 21} "(2) In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section2929.21 of the Revised Code."
 {¶ 22} The purposes and principles of sentencing as set forth in R.C. 2929.21 state the following:
 {¶ 23} "(A) A court that sentences an offender for a misdemeanor or minor misdemeanor violation of any provision of the Revised Code, or of any municipal ordinance that is substantially similar to a misdemeanor or minor misdemeanor violation of a provision of the Revised Code, shall be guided by the overriding purposes of misdemeanor sentencing. The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public.
 {¶ 24} "(B) A sentence imposed for a misdemeanor or minor misdemeanor violation of a Revised Code provision or for a violation of a municipal ordinance that is subject to division (A) of this section shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders."
 {¶ 25} With these mandates as a guide, we will address the specific arguments raised by the assignments of error.
 {¶ 26} Appellant argues the trial court erred in subjecting him to random drug screens and urine tests and a curfew, ordering him not to consume or possess alcohol or to be in places where alcohol is sold, and prohibiting him from possessing a firearm. We find none of these conditions are too restrictive or against the spirit of misdemeanor sentencing.
 {¶ 27} It is important to note that appellant was originally charged with two felonies, felonious assault and aggravated assault, and one misdemeanor, domestic violence. Through negotiations, appellant pled guilty to a reduced offense of assault, a misdemeanor. Without benefit of the pre-sentence investigation report that the trial court reviewed, we cannot find any abuse of discretion in ordering the above conditions.
 {¶ 28} Appellant also argues the trial court erred in restricting him from contacting the victim, his wife, without the consent of the probation department. Appellant argues the marriage counseling order cannot be effectuated because of this restriction and the restriction violates his right to privacy.
 {¶ 29} We note appellant's wife applied for a civil protection order on June 24, 2004. The trial court specifically spoke to the continuance of this order as follows:
 {¶ 30} "Now given the seriousness of the injuries that were involved here I'm going to continue the no contact provision. I'm going to order that the defendant shall have no contact with his victim without prior approval of the Adult Probation Department. Now we received at least one report that your counselors and you're basically going to the same counseling, would like to have joint counseling. And the probation department is going to approve that, okay? So what you two need to do is if you want to reconcile you need to convince your counselor that it's okay. Your counselor will call the probation officer and your probation officer will give you permission to start seeing each other again, okay? So this is technically — and here's what I don't want to do. I want to make sure that when you get together that you're ready to get together. And this can happen fairly quickly, it can happen over a period of time. It depends upon the progress that the two of you make in your counseling, okay? So that's the carrot out there for you. That's the reward is that both of you need to convince your counselors that it's appropriate for you to get together in counseling, that it's appropriate for you to start seeing each other and that you reconcile the right way. If you don't reconcile the right way and something happens that touches off a spark then somebody could end up in the hospital again and somebody could end up in jail again, okay?" April 6, 2005 T. at 9-10.
 {¶ 31} We find the trial court had specific reasons for continuing the protection order and essentially gave appellant the key to lessen the restriction.
 {¶ 32} Upon review, we find the trial court did not abuse its discretion in ordering all six conditions complained of by appellant.
 {¶ 33} Assignments of Error I, II, III, IV, V and VI are denied.
 {¶ 34} The judgment of the Court of Common Pleas of Holmes County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Holmes County, Ohio is affirmed.