OPINION
{¶ 1} On November 24, 2004, appellant, Robert Cogar, pled guilty to a misdemeanor assault in violation of R.C. 2903.13. The trial court sentenced appellant to one hundred eighty days in jail, suspended in lieu of probation.
 {¶ 2} On July 20 and 22, 2005, appellant's probation officers filed motions to revoke appellant's probation claiming probation violations. Probable cause hearings were held on same dates, respectively. An adjudicatory/dispositional hearing was held on August 18, 2005. By journal entry filed August 19, 2005, the trial court revoked appellant's probation and re-imposed the original sentence.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "TRIAL COURT ERRORED (SIC) WHEN PROCEEDING WITH PROBABLE CAUSE HEARINGS AFTER DEFENDANT-APPELLANT STATED THAT HE WOULD BE GETTING COUNSEL TO REPRESENT HIM."
 II {¶ 5} "TRIAL COURT ERRORED (SIC) WHEN NOT GIVING DEFENDANTA-PPELLANT OPPORTUNITY TO CROSS EXAMINE WITNESS AT PROBABLE CAUSE HEARING."
 III {¶ 6} "TRIAL COURT ERRORED (SIC) WHEN A FINDING OF GUILT WAS AGAINST THE WEIGHT OF EVIDENCE PRESENTED."
 IV {¶ 7} "TRIAL COURT ERRORED (SIC) WHEN PLACING CONDITIONS ON PROBATION THAT ARE UNCONSTITUTIONAL AND AGAINST SENTENCING GUIDELINES."
 V {¶ 8} "TRIAL COURT ERRORED (SIC) WHEN SETTING BAIL FOR DEFENDANT-APPELLANT IN EXCESSIVE AMOUNTS."
 VI {¶ 9} "DEFENDANT-APPELLANT'S RIGHTS WERE VIOLATED WHEN REFUSED ACCESS TO EVIDENCE TO SHOW OWNERSHIP OF WEAPONS USED AGAINST HIM."
 VII {¶ 10} "TRIAL COURT ERRORED (SIC) WHEN IMPOSING COMMUNITY SANCTIONS ON DEFENDANT-APPELLANT."
 VIII {¶ 11} "TRIAL COURT ERRORED (SIC) WHEN IMPOSING BOTH COMMUNITY SANCTIONS AND PROBATION FOR A MISDEMEANOR CONVICTION."
 IX {¶ 12} "TRIAL COURT ERRORED (SIC) WHEN CONVICTING DEFENDANT FOR THE ACTIONS OF ANOTHER INDIVIDUAL."
 I, II {¶ 13} Appellant claims the trial court erred in conducting the probable cause hearings for probation violations without affording him counsel, and in not permitting him the opportunity to cross-examine witnesses during said hearings. We disagree.
 {¶ 14} Appellant was convicted of misdemeanor assault in violation of R.C. 2903.13 and placed on probation. Thereafter, probation violations were filed on July 20 and 22, 2005. Probable cause hearings were held on the same dates, respectively. Appellant argues he should have had counsel of his own choice or appointed counsel during both hearings.
 {¶ 15} Because appellant's conviction was for a misdemeanor, Crim.R. 44(B) applies sub judice and states as follows:
 {¶ 16} "Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel."
 {¶ 17} The decision to appoint counsel to a probationer is discretionary and rests in the application of Crim.R. 44 and Crim.R. 32.3. State v. Bolds (May 1, 1989), Stark App. No. CA-7628. We concur with our brethren from the Twelve District wherein said court examined Crim.R. 32.3 and held the right of counsel attaches at the dispositional hearing:
 {¶ 18} "The defendant then contends that pursuant to Crim.R. 32.3(B), the trial court erred in proceeding with the preliminary hearing without counsel being present. A reading of Crim.R. 32.3(A) makes it clear that Crim.R. 32.3(B) refers to the final hearing at which time the court makes a determination of whether or not to revoke the probation. Thus, the first time that the defendant is entitled to representation is at the final hearing.
 {¶ 19} "If Crim.R. 32.3(B) were to be construed to require counsel at the preliminary hearing, it would be necessary to amend the rule to provide for an initial appearance such as that required by Crim.R. 5, but we are unable to find anything in the Rules of Criminal Procedure which requires such an initial appearance. As a result, we conclude that the preliminary hearing before the trial judge on a charge of violation of the terms of the defendant's probation is the hearing at which the defendant is to be advised of the nature of the charge against him. Also, it is at this hearing that the trial court must determine probable cause, schedule the final hearing and ascertain whether or not the defendant has counsel. To hold otherwise would be to read into the Rules of Criminal Procedure something that does not exist." State v. McKnight (1983), 10 Ohio App.3d 312, 314.
 {¶ 20} Because the probable cause hearings were not the final determination of the probation violations, and because appellant was represented by counsel during the dispositional hearing, we find the right of counsel was not violated sub judice.
 {¶ 21} As for appellant's argument that he should have been offered the right to cross-examine the witnesses during both probable cause hearings, we agree that appellant has that right. However, appellant advised the trial court "[h]e was wanting me to talk to him before I said anything to you. That's all. I'll just say that." July 20, 2005 T at 2. We therefore conclude appellant waived his right to cross-examine witnesses during the probable cause hearings.
 {¶ 22} Assignments of Error I and II are denied.
 III, VI, IX {¶ 23} In these assignments, appellant challenges the trial court's determination that he had violated the conditions of his probation to wit: possession of firearms or weapons and contact with his wife, Sheila Cogar. Appellant claims the state failed to prove that he owned the weapons, and he did not initiate the contact with Ms. Cogar therefore, he should not be punished for her acts. In addition, appellant claims his rights were violated because he was denied access to evidence to establish ownership of the weapons. We disagree.
 {¶ 24} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also,State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 25} During the April 6, 2005 sentencing hearing wherein the trial court suspended appellant's sentence in lieu of probation, the trial court ordered the following in pertinent part:
 {¶ 26} "He [appellant] shall not have under his control or in his place of residence or motor vehicle any firearm or dangerous ordnance.
 {¶ 27} "Now given the seriousness of the injuries that were involved here I'm going to continue the no contact provision. I'm going to order that the defendant shall have no contact with his victim without prior approval of the Adult Probation Department. Now we received at least one report that your counselors and you're basically going to the same counseling, would like to have joint counseling. And the probation department is going to approve that, okay? So what you two need to do is if you want to reconcile you need to convince your counselor that it's okay. Your counselor will call the probation officer and your probation officer will give you permission to start seeing each other again, okay? So this is technically — and here's what I don't want to do. I want to make sure that when you get together that you're ready to get together. And this can happen fairly quickly, it can happen over a period of time. It depends upon the progress that the two of you make in your counseling, okay? So that's the carrot out there for you. That's the reward is that both of you need to convince your counselor that it's appropriate for you to get together in counseling, that it's appropriate for you to start seeing each other and that you reconcile the right way. If you don't reconcile the right way and something happens that touches off a spark then somebody could end up in the hospital again and somebody could end up in jail again, okay?" April 6, 2005 T. at 9-10.
 {¶ 28} Appellant's probation officer testified appellant wanted permission for his wife to move back into the residence and the request was denied. T. at 5. Thereafter, appellant told his probation officer his wife was "moving back into the residence; he was not moving in with her or having her move in, and that she was not on probation, that I had no control over what she did." Id. The probation officer specifically told appellant he would not allow his wife to move back in. T. at 6. When the probation officer investigated the residence on July 19, 2005 for Sheila Cogar's presence, he found eight firearms. T. at 7. Five firearms were found in the master bedroom closet, two were in another bedroom closet and one was just inside the back door of the mudroom/laundry room. T at 8. The probation officer stated at least one of the weapons was in plain view to anyone entering the residence. T. at 9-10.
 {¶ 29} Another probation officer went to appellant's wife's residence on July 21, 2005 and when he knocked on the door, Sheila Cogar answered the door. T. at 21-23. Appellant was present in the backyard at that time. T. at 22-24. He attempted to conceal his identity from the probation officer and other officers present. T. at 22, 424-4.
 {¶ 30} Sheila Cogar admitted to moving her possessions back into appellant's residence. T. at 52. She stated the weapons were hers. Id.
 {¶ 31} Appellant argues he did not own the weapons. However, the condition of probation stated appellant "shall not have * * * in his place of residence * * * any firearm or dangerous ordnance." The condition made no reference to ownership of weapons. We find the mere possession of firearms in his residence was sufficient to establish a probation violation.
 {¶ 32} Appellant also argues his wife initiated contact and therefore he should not be punished for the acts of his wife. However, the evidence establishes appellant was found at her residence, and appellant told his probation officer that he could not stop Sheila Cogar from moving in with him. The Supreme Court of Ohio has addressed the issue of invited contact involving a temporary protection order and a complicity charge to violating the order and stated the issue of an invitation is "entirely irrelevant as to the culpability of a respondent's violation of a protection order." State v. Lucas, 100 Ohio St.3d 1,2003-Ohio-4778, ¶ 24-27.
 {¶ 33} Assignments of Error III, VI and IX are denied.
 IV, VII, VIII {¶ 34} These assignments challenge the trial court's original sentence and probation orders. These issues were matters raised in the direct appeal, State v. Cogar, Holmes App. No. 05CA005,2005-Ohio-6062, and are therefore res judicata. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp., 73 Ohio St.3d 379,1995-Ohio-331, syllabus.
 {¶ 35} Assignments of Error IV, VII and VIII are denied.
 V {¶ 36} Appellant claims the trial court erred in setting excessive bail. We disagree.
 {¶ 37} The amount of bail lies in the trial court's sound discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 38} Given the result of the probation violation hearing, we find this issue to be moot. Appellant posted a surety bond on July 20, 2005.
 {¶ 39} Assignment of Error V is denied.
 {¶ 40} The judgment of the Court of Common Pleas of Holmes County, Ohio is hereby affirmed.
Farmer, J. Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Holmes County, Ohio is affirmed.