OPINION
{¶ 1} Appellant, Dale A. Bradley, appeals from the November 28, 2006 judgment entry of the Lake County Court of Common Pleas, in which the trial court terminated community control sanctions and sentenced him for theft. At issue is *Page 2 
whether appellant had been notified that he was required to make restitution during the five-year period that he was on community control. For the reasons that follow, we affirm.
 {¶ 2} Between November 2, 1998 and November 16, 1998, appellant passed two bad checks to Frank Slaught d.b.a. Slaught Auto Mart Ltd., totaling $28,250.
 {¶ 3} On September 17, 1999, appellant was indicted by the Lake County Grand Jury on four counts: one count of grand theft, a felony of the fourth degree, in violation of R.C. 2913.02 (count one); two counts of passing bad checks, felonies of the fourth degree, in violation of R.C. 2913.11(counts two and three); and one count of passing bad checks, a felony of the fifth degree, in violation of R.C. 2913.11(count four). On October 1, 1999, appellant filed a waiver of his right to be present at the arraignment and the trial court entered a not guilty plea on his behalf.
 {¶ 4} On November 19, 1999, appellant withdrew his not guilty plea, and entered oral and written pleas of guilty to a lesser included offense of count one, theft, a felony of the fifth degree, in violation of R.C. 2913.02. Pursuant to its November 30, 1999 judgment entry, the trial court accepted appellant's guilty plea, entered a nolle prosequi on counts two, three, and four, and referred the matter to the Adult Probation Department for a presentence report and investigation.
 {¶ 5} On February 18, 2000, appellant was sentenced to three years of community control with conditions, including an order to make restitution to the victim in the amount of $27,500. *Page 3 
 {¶ 6} On July 2, 2001, appellee, the State of Ohio, filed a motion to terminate community control sanctions. A hearing was held on August 7, 2001. Appellant was charged with violating Rule No. 1, in that he failed to obey all local, state, and federal laws. The alleged violation of Rule No. 10, failing to submit proof of volunteer hours being completed, was dismissed at the request of appellee. Pursuant to its August 10, 2001 judgment entry, the trial court found appellant to be a probation violator, terminated his community control sanctions, and sentenced him to serve a term of ten months in prison, with 134 days of credit for time served.
 {¶ 7} On November 2, 2001, appellant filed a motion for judicial release. Appellee filed a response on November 7, 2001. A hearing was held on December 18, 2001. Pursuant to its December 18, 2001 judgment entry, the trial court granted appellant's motion for judicial release and placed him on community control for five years with conditions. Again, the trial court ordered him to make restitution to the victim in the amount of $27,500, less any amount already paid. Appellant was then released from prison.
 {¶ 8} On September 1, 2006, appellee filed a motion to terminate community control sanctions for failing to make restitution to the victim. Appellant filed a response on October 30, 2006. Following a hearing, on November 28, 2006, the trial court found appellant guilty of violating the terms of his community control sanctions, specifically, for violating Rule No. 7, by failing to pay restitution. The trial court terminated appellant's community control sanctions and sentenced him to serve twelve months in prison, with credit for 290 days for time served. Bond was released. It is from the foregoing *Page 4 
judgment that appellant filed a timely notice of appeal, asserting two assignments of error.[1] For his first assignment of error, appellant asserts:
 {¶ 9} "The Trial Court and its staff committed prejudicial error in failing to properly notify the Defendant-Appellant, Dale Bradley, in writing, that he had a five-year cap within which to repay $27,500.00."
 {¶ 10} Appellant has not cited any pertinent authority in support of this assigned error. His reliance on R.C. 2951.02(C)(2) is misplaced because that section only requires written notice be given to probationers concerning the authority of probation officers to search them.
 {¶ 11} In any event, the trial court's December 18, 2001 judgment entry provided written notice to appellant of his duty to make restitution while he was on community control. That entry provided:
 {¶ 12} "IT IS THE ORDER OF THIS COURT that [appellant's] Motion for Judicial Release be and hereby is granted and [appellant] be placed on community control for five (5) years with the following conditions:
 {¶ 13} "* * *
 {¶ 14} "4. The Court * * * hereby orders that [appellant] is to make restitution to the victim Frank Slaught d.b.a. Slaught Auto Mar[t] of [appellant's] criminal act, in the *Page 5 
amount of twenty-seven thousand dollars ($27,000) less the amount already paid, the victim's economic loss. It is further ordered that the payment of restitution shall be made to the Lake County Adult Probation Department on behalf of the victim(s)."
 {¶ 15} The foregoing entry provided more than adequate notice to appellant that restitution needed to be made before the expiration of his five-year community control sanction. See, generally, State v.Occhipinti (May 14, 1999), 11th Dist. No. 98-L-061, 1999 Ohio App. LEXIS 2194, *11-*13; State v. Nagle (June 16, 2000), 11th Dist. No. 99-L-089, 2000 Ohio App. LEXIS 2658, *13-*14.
 {¶ 16} During the probable cause hearing, appellant's probation officer Joy Wachhaus testified that while appellant was on probation, she had conversations with him about his obligation to make restitution. She testified that appellant understood that restitution had to be paid in full before community control was terminated.
 {¶ 17} She testified that on August 29, 2006, she contacted appellant and advised him that a motion for probation violation had been filed and that he owed a balance of $7,415 on his restitution obligation.
 {¶ 18} She testified that appellant's community control would expire on December 18, 2006, and that after that time she would have no authority to enforce the court's restitution order. She said that if restitution had not been paid by that date, "the victim goes without restitution."
 {¶ 19} Moreover, appellant admitted during the revocation hearing that he knew he was required to make full restitution while he was on community control. The following exchange occurred between the prosecutor and appellant: *Page 6 
 {¶ 20} "Q. You knew that you were sentenced to probation for five years; that is correct?
 {¶ 21} "A. Yes.
 {¶ 22} "Q. And that on the day you were sentenced to that five years of community control, you were ordered to pay $27,000.00 restitution, right?
 {¶ 23} "A. Yes.
 {¶ 24} "Q. So you knew the total amount you had to pay while onprobation was $27,000.00?
 {¶ 25} "A. Yes.
 {¶ 26} "Q. And you were going to be off probation on December 18th of this year [i.e., 2006]?
 {¶ 27} "A. Yes.
 {¶ 28} "* * *
 {¶ 29} "Q. * * * My question to you is this was five years in the making, this $27,000.00, correct, five years? I mean you were on probation for five years, you testified that you knew you had to pay$27,000.00 in five years, right?
 {¶ 30} "A. Right."[2] (Emphasis added.)
 {¶ 31} Based on the record before us, appellant had written notice that the restitution order had to be fully satisfied prior to the expiration of the five-year *Page 7 
community control sanction. In any event, appellant admitted he knew he was required to make full restitution during this five-year period.
 {¶ 32} Appellant's first assignment of error is without merit.
 {¶ 33} Appellant states for his second assignment of error:
 {¶ 34} "The [t]rial [c]ourt committed error in revoking the probation and imposing prison upon the Defendant-Appellant, Dale Bradley, for his failure to make complete restitution payments within the five-year probationary period where the record shows that approximately $20,000.00 of the $27,500.00 ordered had been paid and in failing to take into consideration Defendant-Appellant's financial condition."
 {¶ 35} Under his second assignment of error, appellant contends that the trial court abused its discretion by revoking his probation and imposing a prison [term] on him because he did everything "humanly possible" to make complete restitution payments within the five-year probationary period. He argues that the trial court failed to take his financial condition into consideration.
 {¶ 36} This court in Nagle, supra, at *9-*11, held:
 {¶ 37} "A probation revocation hearing is not part of the formal prosecution of a criminal defendant. [State v.] Hylton [(1991),]75 Ohio App.3d [778,] at 781; [State v.] Stockdale [(Sept. 26, 1997), 11th Dist. No. 96-L-172,] 1997 Ohio App. LEXIS 4363, *6 * * *. Rather, it is `"`an informal hearing structured to assure that the finding of a * * * (probation) violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the * * * (probationer's) behavior.[']"` Hylton, 75 Ohio App.3d at 781, quoting Morrissey [v. Brewer (1972)], 408 U.S. [471,] *Page 8 
484. The primary purpose of such a hearing is to conduct an inquiry into whether the probationer's conduct comported with the terms of the court-ordered probation.
 {¶ 38} "At a probation revocation hearing, the burden is on the state to prove that the probationer violated one or more of the terms of probation. [State v.] Setler [(Sept. 25, 1998), 11th Dist. No. 97-L-214,] 1998 Ohio App. LEXIS 4523, *8 * * *. The quantum of evidence the state must adduce is not beyond a reasonable doubt; rather, there need only be evidence of a substantial nature to find revocation justified. * * * Hence, the applicable burden of proof to support the revocation of probation is not as stringent as is required to obtain the original criminal conviction.
 {¶ 39} "As for what constitutes evidence of a substantial nature, this court has held that a trial court should apply a preponderance of evidence standard when deciding whether to revoke probation.Stockdale, supra, [at] *7 * * *. In the context of a revocation hearing, `the state only has to introduce evidence tending to show that it was more probable than not that the probationer violated the terms of his or her probation.' Id.
 {¶ 40} "The decision to revoke probation rests within the sound discretion of the trial court. State v. McKnight (1983),10 Ohio App.3d 312, 313 * * *; Stockdale, supra, [at] *7-*8 * * *. Unless there is an abuse of discretion, a reviewing court will not reverse the trial court's decision. An abuse of discretion implies more than an error of law or judgment; it connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219 * * *." (Some citations and parallel citations omitted.) *Page 9 
 {¶ 41} Appellant's reliance on the Second District's holding inState v. Scott (1982), 6 Ohio App.3d 39, is misplaced. In that case, the defendant pleaded guilty to welfare fraud; was placed on probation for five years; and was ordered to make restitution in the amount of $9,944. Id. at 40. Because she failed to pay restitution as ordered, the trial court revoked her probation. Id. The defendant filed an appeal, contending that she had no ability to pay the fine imposed upon her as a condition of probation. Id. The Second District agreed and held that the trial court erred in revoking her probation because her age and illnesses rendered her unemployable. Id. at 42. In the instant matter, however, appellant's age and health were not an issue.
 {¶ 42} At the conclusion of the revocation hearing, the trial court stated:
 {¶ 43} "Now whether the probation department didn't tell him or whether they told him that it was a condition of probation it's clear to the [c]ourt that he did in fact know that he had to pay the amount and he had to pay the amount by the end of his probationary period. It does not take much skill with mathematics to figure out the number of months involved and the amount of payment that has to be paid to arrive at a zero balance at the end of five years.
 {¶ 44} "Now that having been said the other side of this situation is that [appellant and his wife] have both taken the witness stand and claimed poverty while on the one hand they are borrowing and paying hundreds of thousands of dollars to financial institutions they do not have money to pay a $7,000.00 indebtedness. They have the opportunity to borrow money, $6,000.00 to renew a liqueur [sic] license for a business that only pays, as [appellant's wife] testified to, pocket money for [appellant.] *Page 10 
 {¶ 45} "[Appellant] does not have the right to be placed on probation and come in here and claim poverty that he can only work at a job in which he gets pocket money. Granted there are problems with people who have a criminal conviction but we have criminals, people that have long criminal histories and they are employed consistently so that is not an excuse that you only had pocket money and that you were not able to pay more than a hundred dollars a month because you were only making pocket money at this job. The obligation was that * * * the money had to be paid and the money has not been paid, the money has not been paid since the last advisement by the probation department to [appellant.]
 {¶ 46} "So the [c]ourt finds that for all the reasons that it's enumerated that [appellant] is in violation of his probation and the [c]ourt revokes the probation."
 {¶ 47} It is within the discretion of the trial court to revoke community control sanctions upon a failure to make restitution.State v. Picklesimer, 2d Dist. No. 06-CA-118, 2007-Ohio-5758, at ¶ 27.
 {¶ 48} Although appellant made payments toward his restitution order, he did not make full restitution as required by the trial court's order. Further, the trial court's statements on the record clearly reveal its consideration of appellant's financial condition. Although appellant claimed he was too impoverished to pay restitution, the court determined his representations lacked credibility. Even if his employment only afforded him "pocket money," he made no attempt to find more gainful employment to meet his obligation under the order. The trial court thus properly determined that appellant could and should have made more of an effort to pay restitution during the *Page 11 
time he was on community control sanctions. Id. at ¶ 29. The trial court did not abuse its discretion in terminating appellant's community control sanction after determining that he violated one of its conditions, i.e., the requirement that he make full restitution.
 {¶ 49} Appellant's second assignment of error is without merit.
 {¶ 50} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, J., concurs in judgment only,
COLLEEN MARY OTOOLE, J., dissents with Dissenting Opinion.
[1] On December 11, 2006, appellant filed a motion for bond pending appeal. Pursuant to its December 18, 2006 judgment entry, the trial court denied appellant's motion. Appellant then renewed his motion before this court. Pursuant to our December 20, 2006 judgment entry, this court granted appellant's motion to stay the execution of his sentence pending appeal, with the condition that he continue to comply with all terms of his community control sanctions, including the requirement that he make a monthly restitution payment to the Lake County Adult Probation Department.
[2] We note that although the instant colloquy between the prosecutor and appellant indicated that restitution was $27,000, the correct total is actually $27,500.