[Cite as *State v. Neubig*, 2021-Ohio-4375.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NOS. 2021-P-0002 |
| Plaintiff-Appellee, | 2021-P-0003 |
| - v - | Criminal Appeals from the |
| KYLE B. NEUBIG, | Court of Common Pleas |
| Defendant-Appellant. | Trial Court Nos. 2018 CR 01058 |
| | 2020 CR 00178 |

**O P I N I O N**

Decided: December 13, 2021
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Paul M. Grant*, 209 South Main Street, Eighth Floor, Suite 3, Akron, OH 44308 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant Kyle Neubig appeals the Portage County Court of Common Pleas' November 2, 2020, revocation of community control sanctions and imposition of a 36-month prison sentence. Finding no reversible error, we affirm.

{¶2} On November 30, 2018, appellant pled guilty to one count of domestic violence, a felony of the fourth degree, in violation of R.C. 2919.25(A), and one count of domestic violence, a misdemeanor of the first degree, in violation of R.C. 2919.25(A) in

case number 2018CR01058. The court sentenced appellant to a five-year community control sanction, including twelve months of the Intensive Supervision Program and 48 additional months monitored under the General Division of the Adult Probation Department. The court advised appellant that a violation of the terms of community control may result in the imposition of an 18-month prison sentence for the felony offense and a 180-day jail term for the misdemeanor offense.

{¶3}    **First violation:** On May 24, 2019, the trial court found appellant guilty of violating the terms of his community control after he tested positive for methamphetamines and marijuana. The trial court modified the terms of his community control to include daily reporting with the Trumbull County Probation Department until a bed became available at the Northeast Ohio Community Alternative Program ("NEOCAP"), as well as other terms.

{¶4}    **Second violation:** On August 14, 2019, the trial court found appellant guilty of violating the terms of his community control after he failed to complete the NEOCAP program. He was sentenced to 180 days in jail and his community control was extended an additional year.

{¶5}    **Felonious assault conviction:** On February 20, 2020, the Portage County Grand Jury indicted appellant with one count of felonious assault in violation of R.C. 2903.11(A) in case number 2020CR00178. Appellant pled to a reduced charge of attempted felonious assault, a felony of the third degree in violation of R.C. 2923.01 and 2903.11. The trial court sentenced appellant on June 8, 2020, and imposed a community control sanction which included random substance abuse testing. The court advised

2

appellant that violation of the terms of his probation could result in a prison term of 36 months.

{¶6} **Third violation:** On September 17, 2020, appellant met his probation officer Erica Dillon for a regularly scheduled appointment. Appellant had been attending counseling sessions less frequently and had recently been arrested for an OVI offense in which he refused to submit to the breathalyzer test. Dillon requested that appellant submit to a drug screen.

{¶7} Probation Officer Dalton Todd conducted appellant's test using a 6-panel drug screen. Todd and Dillon reviewed the results which were positive for methamphetamines. Appellant initially denied using methamphetamines and Todd conducted a second test with a 13-panel drug screen. Appellant again tested positive for methamphetamines. After the second positive test, appellant admitted to methamphetamine use two days prior, September 15, 2020, and signed a voluntary admission form. Based on this evidence, Dillon filed a motion to revoke or modify appellant's probation. After Dillon filed the motion to revoke or modify, appellant sent a letter to the court denying his use of drugs and stating that he had felt pressured to admit to drug use.

{¶8} On October 30, 2020, the court held the revocation hearing. Appellant testified at the hearing and disputed the accuracy of his positive drug test. Appellant thought the test would be automatically sent to a lab and did not know he would have to request and pay for independent testing. He said that he regretted signing the admission and only signed it because he thought there would be independent lab testing to confirm

3

the results. He said that he signed the admission to prior drug use after denying drug use five times and said that the probation officers "weren't taking no for an answer."

{¶9} Appellant also testified that he overheard Todd and Dillon discussing the results and that he heard Todd say that the first test "could be a clean test." The court interjected and said "[i]f we bring Mr. Todd over here and he says you're lying - - * * * if he contradicts you - - * * * then you're going to prison." After this, Todd testified and stated that appellant tested positive on both tests for methamphetamines. Todd denied either of the tests being negative or being faint positive tests. Todd said appellant would be lying to say that the first test was negative and that he never told Dillon that the first test could be a clean urine screen. In addition, Todd testified that after administering the second drug screen in the bathroom, appellant admitted to using methamphetamines and that he signed the admission form.

{¶10} The court found appellant guilty of the community control violation and said that there was no way for appellant to get around his admission to drug use. The court noted that with an admission, there would be no reason to send a test to a lab. The court discussed appropriate sentencing for the violation and said that if the appellant "would not have gotten on the stand and lied – he lied. He lied regarding the confession. He lied about what Mr. Todd was going to say. I mean, I was going to give him another chance, but he lied, completely lied." Even after this exchange, appellant again said "for a fact" that Todd lied to the court.

{¶11} In its judgment entry, the court found that appellant's violation was not a technical violation and that he was no longer amenable to a community control sanction under R.C. 2929.19. The court terminated appellant's probation and sentenced him to

4

concurrent terms of 36 months in prison for his third-degree felony, twelve months in prison for his fourth-degree felony, and 180 days jail for his first-degree misdemeanor. The court granted the appellant 342 days credit for time served in jail and in NEOCAP. Appellant initially filed an untimely notice of appeal, and his appeals were dismissed. Subsequently, his appellate counsel sought leave to file a delayed appeal and this Court granted an unopposed leave. This court sua sponte consolidated the appeals stemming from appellant's convictions in 2018CV0158 and 2020CR00178.

## Assignments of Error and Analysis

{¶12} Appellant's first assignment of error states:

{¶13} "[1.] TRIAL COURT ABUSED ITS DISCRETION WHEN IT REVOKED MR. NEUBIG'S COMMUNITY CONTROL AND IMPOSED A PRISON SENTENCE ON MR. NEUBIG."

{¶14} Generally, the decision to revoke community control is evaluated under an abuse of discretion standard. *State v. Russell,* 11th Dist. Lake No. 2008–L–142, 2009–Ohio–3147, ¶ 6, citing *State v. McKnight*, 10 Ohio App.3d 312, 313, 462 N.E.2d 441 (1983). "The term 'abuse of discretion' is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record." *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089 [2009 WL 1177050], ¶ 30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 [148 N.E. 362] (1925)." *State v. Raia*, 11th Dist. Portage No. 2013-P-0020, 2014-Ohio-2707, 2014 WL 2881994, ¶ 9. Stated differently, an abuse of discretion is "the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *Id.*, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, 2010 WL 1731784, ¶ 62, quoting *Black's Law Dictionary* 11

5

(8th Ed.Rev.2004). "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error[.] * * * By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Id.*, quoting *Beechler* at ¶ 67.

{¶15} "'The privilege of probation [or community control] rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege.'" *Russell,* at ¶ 7, quoting *State v. Bell*, 66 Ohio App.3d 52, 57, 583 N.E.2d 414 (5th Dist.1990). Because a revocation hearing is not a criminal trial, the State is only required to introduce evidence showing it was more probable than not that the person on community control violated its terms or conditions. *Id.*, citing *State v. Willis,* 5th Dist. Fairfield No. 05 CA 42, 2005-Ohio-6947, at ¶ 9. A court's decision to revoke community control for even minor violations is not an abuse of discretion. *State v. Solomon*, 11th Dist. Portage No. 2017-P-0078, 2019-Ohio-1841, ¶ 21.

{¶16} Appellant did not object to the revocation of community control or to the sentence imposed by the court. "Therefore, under the circumstances of this case, appellant has forfeited all but plain error on review." *State v. Carnes*, 11th Dist. Trumbull No. 2014-T-0120, 2015-Ohio-4429, ¶ 8. "Crim.R. 52(B) affords appellate courts discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22. The appellant bears the burden of demonstrating plain error by proving that the outcome

6

would have been different absent the plain error. *State v. Payne,* 114 Ohio St.3d 502, 2007–Ohio–4642, ¶ 17. The plain error must be a deviation from a legal rule and an obvious defect in the proceedings. *Rogers*, at ¶ 22.

{¶17} Further, even when the error is obvious, "it must have affected substantial rights," meaning "'that the trial court's error must have affected the outcome of the trial.'" *Id.*, quoting *State v. Barnes,* 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). This is the same deferential standard applied for "reviewing ineffective assistance of counsel claims." *Id.* Indeed, "even if an accused shows that the trial court committed plain error affecting the outcome of the proceeding, an appellate court is not required to correct it * * *." *Id.* at ¶ 23. Courts are cautioned "to notice plain error 'with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Barnes*, at 27, quoting *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶18} The facts before the Court do not support a finding of plain error. First, the court did not abuse its discretion when it determined that appellant had violated his community control. Appellant tested positive on both a 6-panel and 13-panel drug screen and admitted to recent drug use after the second positive test. According to Todd, after administering the second drug screen in the bathroom, appellant admitted to using methamphetamines and he signed a written admission of using drugs on September 15 – two days before the drug screen. Appellant later recanted those statements and claimed that Todd told Dillon the first test could be a clean test. However, appellant's testimony was contradicted by Dillon and Todd. The evidence before the court reflected two positive drug tests, verbal admissions of drug use, and a written admission of drug use. As the

7

trial court noted, with appellant's admissions of drug use, there would have been no purpose in sending appellant's sample for independent testing. Thus, the court did not abuse its discretion in determining that appellant violated his community control.

{¶19} Second, the court did not abuse its discretion in sentencing appellant to a 36-month concurrent prison sentence with 342 days jail time and NEOCAP credit. The court was within its discretion to sentence appellant to the unserved prison time for his underlying offenses and the circumstances of appellant's community control violation support such a sentence. Appellant had violated the terms of his community control in two prior instances: once for testing positive for drugs and a second time for failing to complete the NEOCAP program as required by his community control sanctions. For the second violation, appellant served 180 days in jail before being released to continue his community control. After the second violation, appellant was convicted of a felony offense of violence and the court still afforded him a community control sanction. After the third violation under review here, the court terminated his community control.

{¶20} The court had previously imposed more and more restrictive terms of community control upon appellant and had imposed 180 days of jail for a prior violation. Appellant contends that the trial court abused its discretion when it said it was prepared to give appellant another chance but for his lies to the court. Appellant maintains that the true reason the trial court imposed a prison sentence was for lying and not for the positive drug test. However, the court's remarks reflect that evidence of appellant's drug use was the basis for violating his community control. Due to appellant's failure to accept responsibility for his actions, the court revoked his community control and sentenced him to prison. A trial court does not abuse its discretion when the court revokes community

8

control for even a minor violation. *Solomon*, *supra,* at ¶ 21. Here, appellant failed to take responsibility for his positive drug test and third overall community control violation. This was not a minor violation.

{¶21} Accordingly, appellant's first assignment of error is without merit.

{¶22} The second assignment of error states:

{¶23} "[2.] MR. NEUBIG WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED UNDER THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION."

{¶24} In his second assignment of error, appellant claims that counsel was ineffective at the revocation hearing because counsel did not object to the trial court's revocation of community control and the imposition of a prison sentence. Appellant argues that the counsel's failure to object foreclosed review for all but plain error upon appeal.

{¶25} In reviewing an ineffective assistance of counsel claim, the standard we apply is "'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *State v. Story*, 11th Dist. Ashtabula No. 2006-A-0085, 2007-Ohio-4959, ¶ 49, quoting *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An appellant must demonstrate (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability, were it not for counsel's errors, the result of the proceedings would have been different. *Strickland*, at 669. "A reasonable probability is a probability sufficient to undermine confidence in the

9

outcome." *Id.* A failure to "satisfy one prong of the *Strickland* test negates the need to consider the other." *State v. Madrigal*, 87 Ohio St.3d 378, 389, 2000-Ohio-448, 721 N.E.2d 52, citing *Strickland*, *at 697.*

{¶26} An appellant "must be able to demonstrate that the attorney made errors so serious that he or she was not functioning as 'counsel' as guaranteed by the Sixth Amendment, and that he was prejudiced by the deficient performance." *Story, supra,* quoting *State v. Batich*, 11th Dist. Ashtabula No. 2006-A-0031, 2007-Ohio-2305, ¶ 42. Ohio courts presume that every properly licensed attorney is competent, and therefore a defendant bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). "Debatable trial tactics generally do not constitute ineffective assistance of counsel." *State v. Phillips*, 74 Ohio St.3d 72, 85, 656 N.E.2d 643 (1995). "Failure to do a futile act cannot be the basis for claims of ineffective assistance of counsel, nor could such a failure be prejudicial." *State v. Henderson,* 8th Dist. Cuyahoga No. 88185, 2007–Ohio–2372, at ¶ 42.

{¶27} Here, trial counsel performed competently at the revocation hearing. Counsel cross-examined witnesses, called appellant to testify, introduced exhibits, and argued to the trial court to prevent revocation and to mitigate the sentence imposed. Trial counsel did not fall below an objective standard of reasonable representation by failing to object to the trial court's revocation of community control and imposition of sentence.

10

Counsel was not obligated to make futile objections merely to preserve the record on appeal. *See Id.*

{¶28} Furthermore, even if counsel's representation had fallen below an objective standard of reasonable representation, appellant's assignment of error would still fail the second prong of the *Strickland* test. Appellant bears the burden of proving that he was prejudiced in some way by ineffective representation. Appellant has failed to do so and merely asserts that his arguments on appeal are limited by trial counsel's failure to object. Appellant points to no evidence, and we find none in the record, that this failure to object *resulted* in prejudice.

{¶29} Accordingly, appellant's second assignment of error is without merit.

{¶30} For the foregoing reasons, the judgement of the Portage County Court of Common Pleas is affirmed.


MARY JANE TRAPP, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

11