[Cite as *State v. Rhodes*, 2025-Ohio-5368.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

ENRICO T. RHODES,

        Defendant-Appellant.

CASE NO. 2025-P-0010

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2023 CR 00086 C

---

## OPINION AND JUDGMENT ENTRY

Decided: December 1, 2025
Judgment: Affirmed

---

*Connie J. Lewandowski*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Michael Dunham*, 3383 West 123rd Street, Apt 1, Cleveland, OH 44111 (For Defendant-Appellant).


ROBERT J. PATTON, P.J.

{¶1} Appellant, Enrico T. Rhodes ("Rhodes"), appeals the judgment of the Portage County Court of Common Pleas sentencing him to 11 months in prison after violating his community control. For the following reasons, we affirm.

{¶2} Rhodes's appeal stems from his conviction for identity fraud after he lied to officers during a traffic stop about his identity. Rhodes was sentenced to two years of community control with the condition that he report to probation immediately after being released from a holder in Franklin County for a probation violation in a separate case. Upon Rhodes's failure to report to probation after his release from Franklin County, his

community control was revoked, and Rhodes was sentenced to 11 months in prison. After a thorough review of the record and pertinent law, we conclude that the trial court did not err when it accepted Rhodes's admission to a probation violation, nor did the trial court err when it sentenced Rhodes to the reserved 11 month prison sentence. Further, we conclude that Rhodes's counsel was not ineffective. Accordingly, we affirm the judgment of the Portage County Court of Common Pleas.

### Substantive Facts and Procedural History

{¶3}    This case arises from Rhodes's conviction for identity fraud, a felony of the fifth degree, in violation of R.C. 2913.49. The conviction resulted from a traffic stop that occurred in January 2023. During the stop, officers asked Rhodes for his name. Rhodes informed them it was "John Jackson." A search of the vehicle revealed a wallet containing Rhodes's true identification and it was discovered that Rhodes had an outstanding felony warrant for his arrest in Franklin County for a probation violation.

{¶4}    Rhodes was indicted for identity fraud on January 26, 2023. On May 28, 2024, the trial court sentenced Rhodes to two years of community control, advising him that he could serve up to 12 months in prison if he violated any of the required conditions. Rhodes was transported to Franklin County to serve 30 days on his outstanding warrant in an unrelated case. Rhodes was required to return to Portage County upon release from Franklin County to set up his probation. The trial court agreed to transfer Rhodes's probation to Mahoning County, where Rhodes resides, if he successfully reported to probation in Portage County for 90 days. When Rhodes was released from jail in Franklin County, he failed to report to probation in Portage County.

{¶5}    On August 23, 2024, a motion to modify or revoke Rhodes's community control sanctions was filed. A hearing was held on the violation on September 9, 2024. Rhodes failed to appear, and a capias was issued. A hearing on the revocation was held on February 3, 2025. Rhodes admitted that he did not show up to probation in Portage County after his release from jail in Franklin County. The trial court found Rhodes no longer amenable to community control and sentenced him to 11 months in prison. Rhodes now timely appeals that sentence.

## Assignments of Error

{¶6}    "[1.] The trial court erred as a matter of law in accepting Mr. Rhode's [sic] admission to a probation violation in violation of his due process rights and his rights under the U.S. Constitution. [sic] Amend. V, US Con. Amend VI, US Con. Amend. XIV, Ohio Con. Art. I, and. Crim.R.32.3 [sic] because his admission was not made knowingly, voluntarily, and intelligently. Tr. Passim."

{¶7}    "[2.] The trial court abused its discretion in sentencing Mr. Rhoes [sic] to 11 months in prison despite the presumption against imprisonment, and, his rights to due process of law and against cruel and unusual punishment under US Con. Amend. V, US Con. Amend. VIII, US Con. Amend. XIV, and Ohio Con. Art. I? Tr. Passim."

{¶8}    "[3] Trial Counsel was ineffective for not demanding that the Trial Court inform Mr. Rayle [sic] of the rights he was waiving by admitting to a probation violation in violation of Mr. Rhodes' right to effective assistance of counsel under US Con. Amend. VI, US Con. Amend. XIV, and. Ohio Con. Art. I. Tr. Passim."

Case No. 2025-P-0010

**Standard of Review**

{¶9}    Appellate courts review a trial court's decision to revoke community control under an abuse of discretion standard of review. *State v. Neubig*, 2021-Ohio-4375, ¶ 14 (11th Dist.), citing *State v. Russell*, 2009-Ohio-3147, ¶ 6 (11th Dist.), citing *State v. McKnight*, 10 Ohio App.3d 312, 313 (3d Dist. 1983). Where a defendant fails to object to revocation of community control or the sentence imposed for a violation, all but plain error review is waived. *Id.* at ¶ 16. *See also State v. Sallaz*, 2004-Ohio-3508, ¶ 40 (11th Dist.); Crim.R. 52(B).

{¶10}   To find plain error, the reviewing court must determine that there was an error that affected the substantial rights of the defendant to such a degree that the decision must be reversed to prevent a manifest miscarriage of justice.

> "Under Crim.R. 52(B), '[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.'" *State v. Barnes*, 2002-Ohio-68, ¶ 20. "To find plain error, we must conclude (1) there was an error, i.e., a deviation from a legal rule (2) the error was plain, i.e., an obvious defect in the proceedings, and (3) the error affected substantial rights, i.e., the outcome of the proceedings." *State v. Warfield*, 2022-Ohio-1818, ¶ 55 (11th Dist.), citing *Barnes* at ¶ 20. "Even if a forfeited error satisfies these three prongs, however, Crim.R. 52(B) does not demand that an appellate court correct it." *Id.* at ¶ 21. "Crim.R. 52(B) states only that a reviewing court 'may' notice plain forfeited errors; a court is not obliged to correct them. We have acknowledged the discretionary aspect of Crim.R. 52(B) by admonishing courts to only notice plain error '"with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."' *Id.*, quoting *State v. Long*, 53 Ohio St.2d 91, paragraph three of the syllabus (1978).

*Conneaut v. Pushic*, 2025-Ohio-1783, ¶ 25 (11th Dist.). In other words, only in the exceptional circumstance where a manifest miscarriage of justice would otherwise occur, will the appellate court reverse the lower court's judgment.

{¶11} Rhodes did not object to either the revocation of his community control or to the resulting sentence. Accordingly, he has waived all but a plain error review of this issue on appeal. *Neubig*, 2021-Ohio-4375 at ¶ 14 (11th Dist.).

**Admission to the Violation**

{¶12} In his first assignment of error, Rhodes contends that the trial court erred by accepting his admission to a probation violation without informing him of the rights he was waiving in doing so. The trial court was under no obligation to do so.

{¶13} It is within the trial court's discretion to revoke community control where the defendant does not comply with its conditions. "'"The privilege of probation [or community control] rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege."'" (Bracketed text in original.) *Neubig* at ¶ 15, quoting *State v. Russell*, 2009-Ohio-3147, ¶ 6 (11th Dist.), citing *McKnight*, 10 Ohio App.3d at 313. "Because a revocation hearing is not a criminal trial, the State is only required to introduce evidence showing it was more probable than not that the person on community control violated its terms or conditions." *Id.*, citing *State v. Bell*, 66 Ohio App.3d 52, 57 (5th Dist. 1990), citing *State v. Willis*, 2005-Ohio-6947, ¶ 9 (5th Dist.). Further, Crim.R. 11(C)(2)(a) does not apply to a community control revocation hearing. "[B]efore accepting an original guilty plea, the trial court must inform the defendant of the maximum potential penalty. *See* Crim.R. 11(C)(2)(a). But . . . Crim.R. 11(C) does not apply to a revocation proceeding. The trial court simply [has] no duty to again inform appellant of the potential prison term before accepting his admission or entering sentence." *State v. Mayle*, 2017-Ohio-8942, ¶ 24 (11th Dist.).

Case No. 2025-P-0010

{¶14} Rhodes cites to several cases to support his contention that he admitted to the violation in a less than knowing, intelligent, and voluntary manner, however the cases he cites do not support that proposition: *State v. McConnell*, 143 Ohio App. 3d 219 (3d Dist. 2001) (probationer was entitled to counsel during revocation proceeding); *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (revocation of parole without a hearing and without counsel violates due process); *Morrissey v. Brewer*, 408 U.S. 471 (1972) (revocation of parole requires written notice and preliminary probable cause hearing); *In re L.A.B.*, 2009-Ohio-354 (juvenile probation revocation hearing and waiver to counsel during hearing). None of the cited cases, however, support Rhodes's position.

{¶15} Where a defendant allegedly violates community control "'Criminal Rule 32.3(A) merely requires a trial court to (1) hold a hearing, (2) where the defendant is present, (3) and apprised of the grounds on which action is proposed. None of the Crim.R. 11(C)(2) requirements are contained within the rule.'" *Id.* at ¶ 18*, quoting *State v. Brown*, 2015-Ohio-486, ¶ 15 (11th Dist.). Thus, the trial court was simply required to hold a hearing with Rhodes present and to inform him of the alleged violation.

{¶16} Here, as a condition of his community control, Rhodes was required to set up and report to probation in Portage County after he was released from jail in Franklin County. At the February 3, 2025 revocation hearing, the trial court addressed Rhodes about his failure to report:

> [TRIAL COURT] So is he admitting to the violation?
>
> [DEFENSE COUNSEL] He'll admit to the violation, waive formal hearing and ask to speak on disposition.
> . . .
>
> [TRIAL COURT] Okay. Mr. Rhodes, are you admitting to having failed to report to Probation following your release from

jail on August 4th? You didn't go to Probation after you were released from jail, right?

[RHODES] I wasn't released on the fourth though.

[TRIAL COURT] When were you released?

[RHODES] Seventeenth of August.

[TRIAL COURT] Did you report to our Probation Department after that?

[RHODES] No, ma'am.

[TRIAL COURT] Okay. So that's the violation. All right. I will find you violated the terms and conditions of your community control.

[RHODES] Yes, ma'am.

{¶17} Rhodes admitted to the trial court that he violated the terms of his community control, and the trial court was under no obligation to inform him a second time what the consequences of a violation would be. Accordingly, as the trial court fulfilled its obligations under Crim.R. 32(A), it cannot be said that plain error occurred. Rhodes's first assignment of error is without merit.

**Prison Sentence for Violation of Community Control**

{¶18} In his second assignment of error, Rhodes avers that the trial court erred by sentencing him to prison for a first violation of community control.

{¶19} The trial court's decision to impose prison for a community control violation is reviewed under R.C. 2953.08(G)(2):

> "As with all felony sentences, we review the trial court's sentencing decision for a community control violation under the standard set forth by R.C. 2953.08(G)(2)." (Citation omitted.) *State v. Demangone*, 12 Dist. Clermont No. CA2022-11-081, 2023-Ohio-2522, 2023 WL 4697235, ¶ 11; *State v. Elliot*, 1st Dist. Hamilton No. C-220339, 2023-Ohio-

1459, 2023 WL 3221475, ¶ 11. According to R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.Ed 1231, ¶ 1.

*State v. Hogya*, 2024-Ohio-639, ¶ 11 (11th Dist.). As Rhodes failed to object to the imposition of prison for violating community control, our review of this issue will be limited to plain error.

{¶20} Community control sanctions are governed by R.C. 2929.15, which states in relevant part:

(B)(1) Except as provided in division (B)(2) of this section, if the conditions of a community control sanction imposed for a felony are violated . . . the sentencing court may impose on the violator one or more of the following penalties:

. . .

(c) A prison term on the offender pursuant to section 2929.14.
. . .

. . .

(3) . . . and shall not exceed a prison term from the range of terms specified in the notice provided to the offender at the sentencing hearing . . . .

{¶21} The trial court sentenced Rhodes to serve the reserved 11 month prison sentence upon his violation of community control. Rhodes does not argue that the 11 month prison sentence was contrary to law. Instead, Rhodes asserts that the trial court should have considered other sanctions, and that the sentence constitutes cruel and unusual punishment.

{¶22} Rhodes's violation was not a technical violation. R.C. 2929.15(E)(2) provides:

Case No. 2025-P-0010

(E) As used in this section, "technical violation" means a violation of the conditions of a community control sanction imposed for a felony of the fifth degree, or a felony of the fourth degree that is not an offense of violence and is not a sexually oriented offense, and to which neither of the following applies:

. . .

(2) The violation consists of or includes the offender's articulated or demonstrated refusal to participate in the community control sanction imposed on the offender or any of its conditions, and the refusal demonstrates to the court that the offender has abandoned the objects of the community control sanction or condition.

{¶23} As Rhodes failed to report to probation, his violation was not a technical violation. Thus, the trial court acted within the bounds of the law when it chose to impose Rhodes's reserved 11 month prison sentence for his violation.

{¶24} Rhodes contends that the trial court should have considered some alternative to prison for his first violation. There is a preference for but not a presumption of community control. *See State v. Foster*, 2006-Ohio-856, ¶ 43, *abrogated on other grounds*. Thus, the trial court was not required to consider continuation of community control for Rhodes's violation.

{¶25} Rhodes further avers that his sentence constituted cruel and unusual punishment under the federal and state constitutions and is therefore unconstitutional. "Each of these constitutional provisions provide, '[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.'" *State v. Yuran*, 2024-Ohio-5655, ¶ 15 (11th Dist.).

"'A key component of the Constitution's prohibition against cruel and unusual punishment is the "precept of justice that punishment for crime should be graduated and proportioned to [the] offense."'" *State v.* Anderson, 2017-Ohio-5656, ¶ 27,

quoting *State v. Moore*, 2016-Ohio-8288, ¶ 31, quoting *Weems v. United States*, 217 U.S. 349, 367 (1910). "To constitute cruel and unusual punishment, 'the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community.'" *Anderson* at ¶ 27, quoting *McDougle v, Maxwell*, 1 Ohio St.2d 68, 70 (1964). "'As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment.'" *State v. Hairston*, 2008-Ohio-2338, ¶ 21, quoting *McDougle* at 69, citing *Martin v. United States*, 317 F.2d 753 (9th Cir. 1963), *overruled on other grounds*, *United States v. Bishop*, 412 U.S. 346 (1973); *Pependrea v. United States*, 275 F.2d 325 (9th Cir. 1960); and *United States v. Rosenberg*, 195 F.2d 583 (2d Dist. 1952).

(Bracketed text in original.) *Id.* at ¶ 16.

{¶26} The trial court's imposition of the reserved 11 month prison sentence for violating community control on Rhodes's fifth-degree felony conviction was within the statutory range of punishment, and therefore, did not constitute cruel and unusual punishment. *Id.* Accordingly, it cannot be said that the trial court erred, and Rhodes's second assignment of error is without merit.

## Ineffective Assistance of Counsel

{¶27} In Rhodes's third and final assignment of error, he contends that he received ineffective assistance of counsel because defense counsel did not demand that the trial court inform Rhodes of the rights he was waiving by admitting to a probation violation.

{¶28} To prevail on a claim of ineffective assistance of counsel, "'a defendant must prove that counsel's performance was deficient and that the defendant was prejudiced by counsel's deficient performance.'" *State v. Oliver*, 2024-Ohio-4542, ¶ 70 (11th Dist.), quoting *State v. Davis*, 2020-Ohio-309, ¶ 10, citing *State v. Bradley*, 42 Ohio St.3d 136 and *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "'Thus, the defendant must

demonstrate that counsel's performance fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's error, the result of the proceeding would have been different.'" *Id.* quoting *Davis* at ¶ 10, citing *State v. Barnes*, 94 Ohio St.3d 27.

{¶29} We have concluded that the trial court met its obligations under Crim.R. 32. As the trial court did not err, defense counsel could not have prejudiced Rhodes for failing to demand the trial court advise him of any rights waived for admitting to a violation of community control. Accordingly, Rhodes's third assignment of error is without merit.

{¶30} For the foregoing reasons, we affirm the judgment of the Portage County Court of Common Pleas.


MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
PRESIDING JUDGE ROBERT J. PATTON

_____
JUDGE MATT LYNCH,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-P-0010